# MAY, 1947

## FOSTER BROWN V. THE STATE.

No. 23395. Delivered June 12, 1946.
Rehearing Denied October 23, 1946.
Appealed to the Supreme Court of United States.
Appellant's Application for Stay of Mandate Granted October 25, 1946.
Mandate of Supreme Court of United States, Denying the Petition
for Writ of Certiorari, filed May 17, 1947.

*Tom M. Miller,* of Graham, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Our State's Attorney, the Honorable Ernest S. Goens, has filed a brief for the State, which contains a concise and accurate

statement of the facts, and presents a clear picture of the legal question involved. We incorporate said brief as part of our opinion.

"This is an appeal from the County Court of Young County, Texas, from a conviction for the offense of selling whisky in a dry area, and a punishment of 90 days in jail and a fine of $400.00.

"The complaint and information each alleged two prior convictions of an offense of like character. The facts in this case are sufficient to support the conviction. The record, as brought forward, contains no bills of exception; neither was there any complaint urged as to the court's charge or special charges requested.

"Appellant, in his motion for a new trial, complains for the first time that one of the prior convictions set out in the instant case, to-wit, No. 5607, had been previously used by the State for the purpose of enhancing the penalty in another prosecution against this appellant, to-wit, in cause No. 5731, and upon a hearing on appellant's motion for a new trial in this cause he offered in evidence the complaint, information and judgment in cause No. 5731, and both the complaint and information in said cause No. 5731 each contained two counts, it being charged in the first count of the complaint and information that the accused did, on or about the 29th day of November, 1944, unlawfully possess for the purpose of sale whisky, following with an appropriate allegation that Young Couny was a dry area; and,

"In the second count of said complaint and information it was charged that the accused, on or about the 29th day of November, A. D., 1944, did unlawfully possess for the purpose of sale whisky, following with an appropriate allegation that Young County was and is a dry area, and then in the second count there is an allegation of one prior conviction of the accused of an offense of like character in cause No. 5607, and it is noted that the allegation with reference to the prior conviction that it applies specifically to the second count and not the first count, since the following language is used: 'That prior to the commission of the aforesaid offense set forth in the first paragraph of the second count of this information that the said Foster Brown, to-wit, on the 19th day of July, 1943, in the County Court of Young County, Texas, in cause No. 5607, was duly convicted,' etc.; and,

"It will be noted that the judgment recites 'Foster Brown waived a jury. Thereupon the information was read to the defendant and he plead guilty to the accusation therein contained (in the first count of said information), and the court having heard the evidence, it is considered and adjudged by the court that said defendant, Foster Brown, is guilty of possession of liquor for the purpose of sale, and assess his punishment thereof at a fine of one hundred dollars.' It will be noted that the punishment assessed is the minimum punishment that may be assessed for a conviction under Article 666-41, Penal Code of Texas.

"It then appears to us quite obvious, as is definitely stated in the judgment, that appellant plead guilty only to the first count in cause No. 5731 and was convicted only for the offense of possession of whisky for the purpose of sale in a dry area, as set out in cause No. 5731, and that therefore cause No. 5607, as alleged in the second count of the complaint and information in cause No. 5731, was not used by the State for enhancing the penalty in said cause, and in fact, the penalty was not enhanced, and that the appellant in said cause was tried and convicted as a first offender and given the minimum punishment provided under the statute for such offense."

This court is committed to the proposition that for the purpose of enhancing the punishment a prior conviction may not be *used* but one time. Many cases so holding will be found in the notes under Articles 61, 62, 63, and 64. Vernon's Ann. Tex. P. C. In the present case, appellant is seeking to have us go one step further. In the second count of cause No. 5731, the State alleged a prior conviction in cause No. 5607, thereby making available to the State, if it so desired, the *use* of the conviction in No. 5607 to enhance the punishment in No. 5731. It is obvious that the State did not *use* the conviction in No. 5607 to enhance the punishment. Appellant is seeking to have us say that because the averments in the second cause in cause No. 5731 would have permitted the *use* of the prior conviction in No. 5607, that the State is precluded from now using the conviction in No. 5607 to enhance the punishment in the present case, although it is perfectly clear that it had never before been *used* to enhance the punishment in any case. We are not inclined to go so far as urged by appellant. See Sigler v. State, 143 Tex. Cr. R. 220, 157 S. W. (2d) 903.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

·BEAUCHAMP, Judge.

The original opinion in this case is a clear and concise statement both as to the question involved and the holdings of the court thereon. Appellant has filed a very insistent motion with a discussion of the law reflecting a frequently expressed but erroneous view of the reason for holding that a former conviction cannot be utilized but once to enhance a penalty. As stated in the opinion by Judge Hawkins, such is the holding of the court. It appears that the courts of other states take the same view of similar statutes.

In the opinion of the writer such holding has always been illogical and confusing. Habitual criminality is the state of the individual and not a crime. 24 C. J. S. p. 1143, Sec. 1958. To allege and prove a state of the individual by whatever means the fact may be ascertained, whether because of repeated convictions or otherwise, does not allege and prove a crime. The allegations of former convictions are no part of the allegation of the substantive offense, but are to serve merely as a guide to the court in fixing the punishment in case of a present conviction. Sigler v. State, 157 S. W. (2d) 903. Hence, the question of jeopardy has no place in the consideration whatsoever. Any discussion of the question of jeopardy invariably leads to confusion, as it has definitely done in the instant case and the line of decisions considered.

Beginning with Kinney v. State, 79 S. W. 570, the opinions on the subject have consistently held that former convictions cannot be utilized more than once to enhance a penalty. Judge Henderson stated, in the Kinney case: "Evidently it was never intended that prior offenses could thus be made to do double duty; that is, that prior cases could be used to enhance the punishment in any given case more than once. To give the statute such an effect would be violative of the principle of former jeopardy, which inhibits a defendant from being convicted more than once for the same offense."

He further stated that such use is not permitted by the statute. We find nothing in the statute which would justify this statement. However, it appears that his conclusion has been consistently followed for the forty-two years intervening. In as much as the articles on the subject have been re-enacted by the legislature with a knowledge of the judicial construction given same, we would not at this time, under the general rule of con-

struction, be justified in overruling the Kinney case and those which have followed it. The fact that we still adhere to the conclusion does not mean that we endorse the reasoning given. If the principle of former jeopardy should be violated by a second use of a former conviction to enhance a penalty, then the use of the former conviction in the first instance would be violative of the same principle and the enactment would be contrary to the Constitution of the United States and of our own State.

The lack of logic in the rule which we now recognize is exposed by the results which necessarily follow. The appellant may pay the penalty based on the ground that he has been previously convicted twice for a similar offense. Tomorrow he commits the same character of offense and is again brought before the court. All prior convictions having been once used, he can no longer be adjudged an habitual criminal, but stands before the court as a first offender. The payment of the penalty can not change the state of the man. If he is an habitual criminal today and continues his habits by a similar violation tomorrow, after having suffered the consequence of the enhanced penalty, he is all the more an habitual criminal. It is only the construction of the statute that relieves him from being thus adjudged. If he should continue day after day to violate the law, every third day he would be an habitual criminal and, if so convicted, on the fourth he would not be such. Or, if the state should use every "first" conviction to double the penalty in the next one, he could commit the same character of offense day after day, pay the double fine when assessed, and never become an habitual criminal.

If the principle of double jeopardy applies we must sustain appellant and grant his motion. A complete answer to the argument in his motion is found in the conclusion that the principle of jeopardy does not apply. He is not convicted of a former conviction. Such former convictions are proven for the purpose of determining the state of the accused as he stands before the bar of justice and such former convictions fix upon him, as a penalty in the case at bar, a punishment as prescribed by the statute.

A further test convincing the writer of the correctness of this conclusion is found in the fact that former offenses need not be within the jurisdiction of the court trying him. In fact, the conviction may have been in another state, government, or country, provided such offense would have been subject to the same classification under the laws of the State of Texas. 24 C. J. S. page 1151, Sec. 1960-d. Again, the former conviction might

have been far beyond the period of limitation so that he could not be again tried for it. It has also been held, with practical unanimity, that a conviction for which a full pardon has been subsequently granted may, nevertheless, be utilized to enhance a penalty.

Under the state of the decisions of this court, as fully treated in the original opinion to which we adhere, the judgment of affirmance must be sustained and the motion for rehearing is overruled.