JOE McGILL V. STATE

No. 26,953. June 23, 1954

*Frank D. Wear,* Paris, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

ON MOTION FOR REHEARING

MORRISON, Judge.

The offense is the sale of whisky in a dry area, with a prior conviction alleged to enhance the punishment; the punishment, one year in jail and a fine of $500.00.

The prior opinion herein is withdrawn, and the following substituted in lieu thereof.

In view of our disposition of this cause, a recitation of the facts will not be deemed necessary.

The information herein alleged a prior conviction in Cause No. 5510 in the county court of Lamar County. Cause No. 5510 was itself an enhancement case in which a prior conviction in Cause No. 4842 was alleged. When the state offered the complaint, information and judgment in Cause No. 5510 in evidence, the appellant objected to that portion of such instruments which made reference to Cause No. 4842.

The basis of the objection was that Cause No. 4842 was an extraneous offense, had been once successfully used for enhancement purposes and was not admissible for any purpose in this case.

This exact question does not seem to have arisen before except in Heard v. State, 148 Texas Cr. Rep. 19, 184 S.W. 2d 285. In that case the accused objected to the introduction of the information charging the prior offense in its entirety. Judge Hawkins, in writing on rehearing, said:

"Unquestionably it was permissible for the State to prove the conviction of the primary offense charged in Cause No. 2,550

because it was one of the prior convictions relied on in the present prosecution. If appellant desired the exclusion of the averments as to his prior conviction in No. 2,499 the objection should have been restricted to that part of the information, with a request that the court direct the prosecutor to omit the reading of that part of information, or a request for an instruction that such part of the information be disregarded."

Clearly, Cause No. 4842 had been successfully used to enhance the punishment in Cause No.. 5510 and could not have been reused in the instant case. The offense in Cause No. 4842 was for transporting liquor and was inadmissible on the question of intent, if intent had been an issue. The trial court fell into error when he failed, in response to appellant's objection, to exclude the averment as to such prior conviction.

Upon another trial the prosecutor should refrain from sidebar remarks charging counsel for the appellant with seeking to delay the trial.

Appellant's motion for rehearing is granted; the judgment of affirmance is set aside; and the judgment is now reversed and the cause remanded.