### EVANS MAYO V. STATE

No. 29,086. December 18, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 5, 1958.
Writ of Certiorari Denied by the Supreme Court of the United States
June 30, 1958.

E. B. *Votaw*, Vidor, and *Robert T. Grammer*, Houston, for appellant.

*Dan Walton*, District Attorney, *Thomas D. White*, Assistant District Attorney, *Joe S. Moss*, Special Prosecutor, all of Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

On October 30, 1957, we ordered a reversal of this case.

The state and the appellant have each filed a motion for rehearing:

The state contends that the judgment should have been affirmed.

The appellant agrees that the judgment was properly reversed, but insists that we should have gone further and ordered the prosecution dismissed.

Upon further consideration, we have decided that the state's motion for rehearing should be granted and that of the appellant overruled.

Therefore, the opinion heretofore rendered is withdrawn, the reversal is set aside, and the judgment of the trial court is now affirmed in accordance with the following opinion:

This is a conviction for the unlawful practice of dentistry, with punishment assessed at a fine of $2,000 and six month's confinement in jail, enhanced by reason of prior convictions.

The primary offense alleged was that appellant did unlawfully practice dentistry without a license, on or about the 30th day of May, 1956, in Harris County.

It was also alleged that on June 3, 1946, the appellant was convicted in the County Court at Law of Jefferson County, in Cause No. 23125, of the offense of unlawfully practicing dentistry. This will hereafter in this opinion be referred to as the first prior conviction.

It was further alleged that on June 23, 1948, appellant was convicted of the unlawful practice of dentistry, in Cause No. 23948, in the County Court at Law of Jefferson County, Texas. This will be hereafter in this opinion referred to as the second prior conviction.

It was also further alleged that on June 16, 1952, appellant was convicted of the unlawful practice of dentistry, in Cause No. 18579, in the Criminal District Court of Jefferson County, Texas. This will be hereinafter referred to in this opinion as the third prior conviction. The Criminal District Court of Jefferson County has misdemeanor jurisdiction. Art. 52-160, Vernon's C.C.P.

Art. 61, P.C., provides as follows:

"Second and subsequent conviction for misdemeanor.—If it be shown on the trial of a misdemeanor that the defendant has been once before convicted of the same offense, he shall on a second conviction receive double the punishment prescribed for such offense in ordinary cases, and upon a third or any subsequent conviction for the same offense, the punishment shall be increased so as not to exceed four times the penalty in the ordinary cases."

Under the allegations of the information, that statute was invoked and its provisions made applicable when the proof showed that appellant was guilty of the primary offense charged and that he had been convicted of any two of the three prior convictions alleged.

In keeping therewith, the trial court, in his charge, instructed the jury to the effect that if appellant was guilty of the primary offense and had been convicted of any two or all three of the prior offenses alleged his punishment would be not less than $400 nor more than $4,000, or by confinement in jail for any period from four months to forty-eight months, or by both such fine and imprisonment.

The jury was also instructed that in the event it found

appellant guilty of the primary offense charged but failed to find that he had been theretofore convicted of as many as two of the prior offenses alleged, then his punishment would be by fine of not less than $100 nor more than $1,000, or by confinement in jail from one month to twelve months, or by both such fine and imprisonment.

Under such charge, the jury returned a general verdict finding appellant guilty, as charged, and assessed his punishment at a fine of $2,000 and confinement in jail for a term of six months.

By various motions and objections, appellant challenged the right of the state to use the first prior conviction alleged in the information for the purpose of enhancing the punishment, because the state had used the first prior conviction to enhance the punishment as a second offender when he was convicted of the third conviction.

In other words, if appellant's contention be tenable, the state, having used the prior conviction one time to enhance punishment as a second offender, was forever barred from thereafter using that conviction for enhancement-of-punishment purposes as a third or subsequent offender.

This court has held that when the state uses a prior conviction to enhance the punishment as a second offender it cannot again use that same prior conviction for that purpose. Kinney v. State, 45 Texas Cr. Rep. 500, 79 S.W. 570; Miller v. State, 139 Texas Cr. Rep. 406, 140 S.W. 2d 859; Cothren v. State, 139 Texas Cr. Rep. 339, 140 S.W. 2d 860; McGill v. State, 269 S.W. 2d 398, 160 Texas Cr. Rep. 324.

Evans v. State, 160 Texas Cr. Rep. 517, 272 S.W. 2d 732, sustains appellant's contention in that we refused to permit a prior conviction which had been used to enhance the punishment as a second offender to be used to enhance the punishment as a third offender or any subsequent offender. As sustaining that conclusion, the cases above listed were cited.

However, note is taken of the fact that none of those cases carried, as did the Evans case and this case, a conviction as a third offender. So then the holding in the Evans case was not bottomed upon any case directly in point.

Prior to the holding in the Evans case, this court, in Ex

parte Calloway, 151 Texas Cr. Rep. 90, 205 S.W. 2d 583, held in unmistakable terms that under Art. 63, P.C., "the use of a prior conviction to enhance the punishment as a second offender does not preclude the State from again using that conviction to fix the status of an habitual criminal."

Art. 63, P.C., fixes the punishment authorized to be assessed for one three times convicted of an ordinary felony, while Art. 61, P.C., fixes the punishment authorized to be assessed for one three times convicted of a misdemeanor offense of like character.

In so far as enhancement of punishment by reason of prior convictions is concerned, the legal effect of the two statutes is the same.

The legal question involved in the Evans case and that in the Calloway case is the same. The holding in the two cases is, however, directly contradictory.

The question for our determination, here, then, is: Which case is to stand and which is to fall?

The Evans case, the junior in point of time of pronouncement, did not discuss or directly overrule the holding in the Calloway case. It cannot be said, therefore, that the Evans case constituted an express repudiation of the Calloway case.

In the Calloway case this court—at some length—discussed the cases heretofore mentioned, and therein pointed out that those two cases were not determinative of the question of using a prior conviction that had been used to enhance the punishment as a second offender, for the purpose of enhancing the punishment as a third offender. As a basis for the conclusion reached, it was pointed out that under Art. 63, P.C., the statute fixing punishment for three-time convictions, two prior convictions were necessary. In that connection it was said:

"So then, to prosecute one as an habitual criminal the State would of necessity be called upon to forego or waive its rights to proceed against an accused as a second offender when that right presented itself and before the accused had committed and been convicted of the third or subsequent offense. In other words, so long as the State exercised the right to prosecute as a second offender it could never prosecute one as an habitual criminal. Thus is demonstrated the fallacy in relator's contention."

It was also pointed out that the rule announced by the Calloway case was the rule in other jurisdictions.

The opinion on motion for rehearing in Brown v. State, 150 Texas Cr. Rep. 386, 196 S.W. 2d 819, announces the same views, wherein it is said:

"The lack of logic in the rule which we now recognize is exposed by the results which necessarily follow. The appellant may pay the penalty based on the ground that he has been previously convicted twice for a similar offense. Tomorrow he commits the same character of offense and is again brought before the court. All prior convictions having been once used, he can no longer be adjudged as an habitual criminal, but stands before the court as a first offender. The payment of the penalty can not change the state of the man. If he is an habitual criminal today and continues his habits by a similar violation tomorrow, after having suffered the consequence of the enhanced penalty, he is all the more an habitual criminal. It is only the construction of the statute that relieves him from being thus adjudged. If he should continue day after day to violate the law, every third day he would be an habitual criminal, and, if so convicted, on the fourth he would not be such. Or, if the state should use every 'first' conviction to double the penalty in the next one, he could commit the same character of offense day after day, pay the double fine when assessed, and never become an habitual criminal."

It is well to point out, here, that the Brown case, supra, does not support appellant's contention. In that case the prior convictions, while alleged, were not in fact used by the state to enhance the punishment in another case.

The conclusion is reached that the Calloway case is correct and controlling wherein the rule is announced that "the use of a prior conviction to enhance the punishment as a second offender does not preclude the state from again using that conviction to fix the status of an habitual criminal (third offender)."

The Evans case is therefore expressly overruled.

From what we have said, it is evident that the trial court in the instant case did not err in permitting the state to make use of the first prior conviction alleged herein for the purpose of enhancing the punishment, under Art. 61, P.C.

Appellant next contends that the state failed to prove the alleged third prior conviction.

To support that allegation the state offered in evidence the following judgment:

"'The State of Texas
        vs.
" 'Evans Mayo.

"Charge-Illegal Practice of
Dentistry
"No. 18579
"Date 6-16-52.' "

" 'This day this cause was called for trial, both parties appeared and announced ready for trial, and the defendant, Evans Mayo, pleaded "Guilty" to the information herein, waived a trial by jury and submitted his cause to the Court, who, having heard the Information read, defendant's plea of "Guilty," the evidence submitted and argument of counsel, and, after considering same, finds the defendant, Evans Mayo, guilty of the charge alleged in the Information and assesses his punishment at a fine of ($750.00) Seven Hundred and Fifty Dollars & Costs.

" 'It Is Therefore, Considered, Ordered and Adjudged by the Court, that the State of Texas do have and recover of defendant, Evans Mayo, the said fine of ($750) Seven Hundred and Fifty Dollars and all costs of this prosecution, and the defendant Evans Mayo, is hereby remanded to the custody of the Sheriff, who will commit him to the jail of said County until said Fine and Costs are paid.

" 'And Execution may issue against the property of the defendant for the amount of said fine and costs.' "

"Signed: " 'Harold R. Clayton.' "
" 'Judge Presiding.' "

In connection therewith, the state offered in evidence the information upon which that judgment rested, which showed that it was presented in the Criminal District Court of Jefferson County, Texas.

The judgment was certified by the clerk of the district court

of Jefferson County as being of record in the minutes thereof (Criminal District Court of Jefferson County, Texas).

A witness who was present at the trial and conviction, and who signed the complaint upon which the information was based, identified appellant as being one and the same person as the one named in that complaint.

In the light of that proof we are unable to agree with the appellant that the state failed to show that the judgment was rendered in the Criminal District Court of Jefferson County, Texas.

It is contended that the judgment mentioned is invalid upon its face, because in connection therewith the state did not prove that the "Harold R. Clayton" who signed the judgment as "Judge Presiding" was, in fact, authorized to sit as the judge in that case.

There is not a line of evidence in this case showing that Harold R. Clayton was not authorized to enter the judgment.

Appellant urges this court to assume such a fact because Harold R. Clayton was not the regularly elected judge of that court and did not purport to act as such.

In his brief, counsel for appellant sets forth facts which he insists relate to the authority of Harold R. Clayton to act as presiding judge upon the trial.

If appellant had introduced such facts in evidence, they would have been before us for consideration. But as those facts were not introduced and are not before us, we are not authorized to consider them.

The minutes of the court carrying the judgment entered by Harold R. Clayton, Judge Presiding, were approved in open court by O. N. Lord, the regularly elected judge of the Criminal District Court of Jefferson County, Texas.

This approval made the judgment a part of the minutes of the court.

We are unable to agree with the appellant that the evidence failed to show that he had been convicted as alleged in the third prior conviction.

Having pleaded guilty to the accusation, without any suggestion that Harold R. Clayton was not authorized to act as the judge, appellant is not shown, under the circumstances, to be entitled to collaterally attack in this proceeding the judgment of the Criminal District Court of Jefferson County.

But if it be conceded that the judgment relied upon to show the third prior conviction is invalid for any reason, then such fact could not here inure to the benefit of the appellant, for this conviction is not dependent upon the validity of the third conviction.

The verdict of the jury is and can be sustained upon the first and second prior convictions, together with the conviction for the primary offense charged.

The evidence here supports the jury's conclusion that appellant had been twice convicted of the offense of unlawfully practicing dentistry.

In addition to the matters heretofore discussed, appellant challenged the sufficiency of the information in alleging the primary offense because it charged that he demanded or received pay or compensation for an act claimed to constitute the practice of dentistry.

It is sufficient to point out that under the statutes, Arts. 747 and Sec. (3) of Art. 754a, Vernon's P.C., pay or compensation for services rendered is not an essential element of the offense, and, for that reason, no such allegation was here necessary.

Appellant also contended that the information should have charged that the prior convictions alleged were for offenses of the same character, as specified in Art. 61, P.C.

While it is true that the information did not state, in so many words, that the prior convictions were for the same offense as the primary offense charged, yet in alleging each prior conviction it was charged that the offense for which appellant had been there convicted was that of the unlawful practice of dentistry, which was the offense charged in the information. This was a sufficient complaint, under the statute, Art. 61, P.C.

Other matters discussed in appellant's brief have been considered and are overruled without discussion, here.

The judgment of the trial court is affirmed.

MORRISON, Presiding Judge, dissenting.

I remain convinced of the soundness of the rule announced in Evans v. State, 160 Texas Cr. Rep. 517, 272 S.W. 2d 732, and respectfully enter my dissent.