Ex parte Elliott Wayne White.

No. 52332.

Court of Criminal Appeals of Texas.

July 7, 1976.

Elliott Wayne White, pro se.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P.

Petitioner's sole contention in this application is that a prior conviction was improperly used *on two occasions* for enhancing petitioner's punishment. See Art. 62, V.A. P.C. (Old Penal Code), and V.T.C.A. (Penal Code), Sec. 12.42(a).

The trial court, after considering petitioner's application, made the following findings of fact:

(1) On November 23, 1970, petitioner entered a plea of guilty to the offense of felony theft in the 183rd District Court of Harris County in Cause No.

150,168, and was assessed a two-year term of imprisonment.

(2) Petitioner was again convicted of theft in Cause No. 186,106 in the 178th District Court of Harris County and assessed a 10-year mandatory term of confinement pursuant to Art. 62, V.A.P.C., on August 24, 1973. The prior conviction alleged for enhancement under Art. 62, V.A.P.C., in Cause No. 186,106, was the prior 1970 conviction for theft in Cause No. 150,168.

(3) On July 22, 1974, petitioner was indicted for the offense of burglary—motor vehicle in Cause No. 215,574, with both of petitioner's prior convictions in Cause Nos. 150,168 and 186,106, alleged for enhancement under Sec. 12.42(d), V.T.C.A.

(4) Subsequently, the state dismissed the second enhancement allegation, i. e., Cause No. 186,106, and the petitioner entered a plea of guilty to the burglary of a motor vehicle charge with Cause No. 150,168, once again being retained in the indictment for enhancement purposes under Sec. 12.42(a), V.T.C.A., Penal Code.

(5) On April 24, 1975, the trial court accepted petitioner's plea in Cause No. 215,574, charging him with the offense of burglary of a motor vehicle, second offender, and assessed his punishment at twelve (12) years' confinement.[1]

The trial court entered findings of fact and conclusions of law holding that since petitioner had been thus convicted twice as a second offender, his sentence in Cause No. 215,574 was therefore excessive. We agree.

■ It has long been the rule in this State that prior convictions cannot be used more than once to enhance punishment. *Kinney v. State*, 45 Tex.Cr.R. 500, 79 S.W. 570 (1904); *Gooden v. State*, 140 Tex.Cr.R. 351, 145 S.W.2d 179 (1940); *Brown v. State*, 150 Tex.Cr.R. 386, 196 S.W.2d 819 (1946); *Cleveland v. State*, 493 S.W.2d 145 (Tex.Cr. App.1973). This rule has been subject to the exception that "the use of a prior conviction to enhance the punishment as a second offender does not preclude the State from again using that conviction to fix the status of an habitual criminal." *Ex Parte Calloway*, 151 Tex.Cr.R. 90, 94, 205 S.W.2d 583, 586 (1947); *Mayo v. State*, 166 Tex. Cr.R. 470, 314 S.W.2d 834 (1957); *Head v. State*, 419 S.W.2d 375 (Tex.Cr.App.1967).

The prohibition against the multiple use of prior convictions to enhance punishment has been held to be applicable to prosecutions utilizing the provisions of Section 12.42(c) and 12.42(d) of the New Penal Code. See *Carvajal v. State*, 529 S.W.2d 517 (Tex.Cr.App.1975); *Shaw v. State*, 530 S.W.2d 838 (Tex.Cr.App.1975).

■ We therefore hold that the State was barred from using the same prior conviction for second offender enhancement under the provisions of Sec. 12.42(a) where said prior conviction had been previously used successfully under Art. 62, V.A.P.C. (Old Code).[2] See *Cleveland v. State*, supra. Thus, the twelve-year sentence assessed petitioner in Cause No. 215,574 is excessive since the trial court improperly sentenced petitioner as a second-degree felony offender. The State has conceded error as to this point of law.

■ The State does ask, however, that the case be remanded to the trial court for another sentencing hearing since the original twelve-year sentence was assessed by the court, without intervention of a jury.

---

1. In view of the prior conviction alleged in Cause No. 150,168, petitioner was sentenced for a second-degree felony as provided by V.T. C.A., Penal Code, Sec. 12.42(a), even though the primary charge was only a third-degree felony which carried a maximum of ten years' imprisonment.

2. We see no reason why the rule of *Ex Parte Calloway*, supra, should not continue to be the law in Texas, and we therefore also hold that the State may use a prior conviction for enhancement under Section 12.42(a), (b), or (c), and later use that conviction for enhancement under Section 12.42(d). See *Carvajal v. State*, supra.

We agree that the case should be remanded for a new hearing on punishment. See *Ex Parte Murillo*, 528 S.W.2d 127 (Tex.Cr.App. 1975); *Ex Parte Hill*, 528 S.W.2d 125 (Tex. Cr.App.1975).

IT IS SO ORDERED.