**Ex parte Donald Gene MONTGOMERY.**

**No. 56718.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 27, 1978.

Before PHILLIPS, ROBERTS and VOL-LERS, JJ.

## OPINION

PHILLIPS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

Petitioner is challenging the validity of a conviction in Travis County Cause number 49,807, wherein he was convicted on his plea of guilty to the court of the offense of aggravated assault, with a prior conviction alleged for enhancement under V.T.C.A., Penal Code, Sec. 12.42(a). Petitioner was sentenced to serve a sixteen (16) year term of confinement in this case on November 12, 1975. No appeal was perfected in this cause.

Petitioner filed an application for writ of habeas corpus in the trial court, alleging that the above-mentioned sentence was excessive, since the prior conviction alleged for enhancement was barred for use as an enhancement paragraph because this same prior conviction had been used for enhancement in a *prior case* under V.T.C.A., Penal Code, Sec. 12.42(d), the habitual criminal act. The trial court recommended that the application for writ of habeas corpus be denied, without entering findings of fact and conclusions of law.

The records before this Court reflect that on November 10, 1975, petitioner was convicted, on his plea of not guilty to a jury, in Travis County Cause number 49,806, of the offense of aggravated assault with a deadly weapon. At a punishment hearing before the court, two prior convictions were proved for enhancement purposes under Sec. 12.-42(d), *supra*. Petitioner was subsequently sentenced to a life term of imprisonment and that conviction is presently pending appeal to this Court.

The record supports petitioner's contention that a 1969 burglary conviction from Williamson County in Cause number 13,598 was twice used for enhancement purposes, initially for enhancing petitioner's punishment as an habitual criminal in Travis County Cause number 49,806, and then subsequently enhancing petitioner's punishment as a second offender in Travis County Cause number 49,807.

The law is clear that in prosecutions under Sec. 12.42 the same prior conviction cannot be used to enhance a defendant's punishment to life as an habitual criminal in two separate cases. See *Carvajal v. State*, 529 S.W.2d 517 (Tex.Cr.App. 1975); *Ex parte Friday*, 545 S.W.2d 182 (Tex.Cr.App. 1977); *Gooden v. State*, 140 Tex.Cr.R. 347, 145 S.W.2d 177 (1940); and *Gooden v. State*, 140 Tex.Cr.R. 351, 145 S.W.2d 179 (1940). It is the general rule that a prior conviction cannot be used twice for enhancement purposes in any two cases. See *Shaw v. State*, 530 S.W.2d 838 (Tex.Cr. App. 1976); *Ex parte White*, 538 S.W.2d 417 (Tex.Cr.App. 1976); *Rollins v. State*, 542 S.W.2d 163 (Tex.Cr.App. 1976); *Miller v. State*, 139 Tex.Cr.R. 406, 140 S.W.2d 859 (1940); *Cothran v. State*, 139 Tex.Cr.R. 339, 140 S.W.2d 860 (1940); *Kinney v. State*, 45 Tex.Cr.R. 500, 79 S.W. 570 (1904). This general rule is *subject to the exception* that the use of a prior conviction to enhance the punishment as a second offender does not preclude the State from again using that conviction to affix the status of a habitual criminal. See *Ex parte White, supra; Ex parte Calloway*, 151 Tex.Cr.R. 90, 205 S.W.2d 583 (1947); *Mayo v. State*, 166 Tex. Cr.R. 470, 314 S.W.2d 834 (1957); *Head v. State*, 419 S.W.2d 375 (Tex.Cr.App. 1967); *Cleveland v. State*, 493 S.W.2d 145 (Tex.Cr. App. 1973).

A review of all the above-mentioned cases indicates that if a prior conviction is used *successfully*, it cannot be used for enhancement again, unless the State uses it for the purposes of showing appellant to be a habitual criminal for the first time. If, on the other hand, the prior prosecution was not successfully enhanced, then the pri-

or conviction may be used in a new prosecution. See *Florez v. State*, 479 S.W.2d 683 (Tex.Cr.App. 1972); *Benedict v. State*, 172 Tex.Cr.R. 570, 361 S.W.2d 373 (1962); *Brown v. State*, 150 Tex.Cr.R. 386, 196 S.W.2d 819 (1946); *Cleveland v. State, supra*, and cases cited therein.

In the case at bar, at the time of petitioner's conviction in Cause number 49,807, the prior conviction had been used successfully for the enhancement of petitioner's sentence as a habitual criminal. As the dissent accurately notes, this particular fact situation has not been addressed by the Court before. However, we differ on how to "intelligently pass upon the question before us." The rules concerning the use of prior convictions for purposes of enhancement, under the case law of this State, demonstrate an attitude or philosophy that a prior conviction can only be utilized twice in a graduated situation. That is to say, if it is once used to enhance a felony offender to the status of a second offender, it can be used again for purposes of enhancement to a habitual offender. It is noted that this graduated approach results in increasing potential punishments. The question then becomes: Should the State be permitted to use a prior conviction for enhancement under V.T.C.A., Penal Code, Sec. 12.42(a) *after* the State has successfully invoked the same prior conviction as part of its effort to enhance the petitioner's sentence under V.T.C.A., Penal Code, Sec. 12.42(d)? We think more is involved in our conclusion that the State cannot take such action than elevating form over substance. Once a prior conviction is utilized to obtain the maximum automatic sentence available under our Penal Code, it should be put to rest. If the State desires to maximize its use of an accused's prior felony convictions, it should schedule its prosecutions in accordance with the established rules of law. Since we find no authority for the proposition that the State should be allowed to violate the general rule by prosecuting as a habitual criminal first and then subsequently prosecuting as a second offender and we conclude that the fair utilization of the enhancement provisions of our current Penal Code dictate against such a procedure, we hold that the State is estopped from using a prior conviction for enhancement again in another case where it has previously used it for enhancement under the habitual criminal provisions of the Penal Code. V.T.C.A., Penal Code, Sec. 12.42(d).

For the reasons stated we hold that petitioner's 16-year sentence in Cause number 49,807 is excessive; however, since the conviction resulted from a plea of guilty to the court, with the court assessing punishment, then the appropriate remedy would be to remand this case back to the trial court for assessment of punishment within the range of a third degree felony. See *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App. 1976).

It is so ordered.

VOLLERS, Judge, dissenting.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioner challenges the validity of a November 12, 1975 conviction in Travis County Cause number 49,807, wherein he was convicted on his plea of guilty to the court of the offense of aggravated assault, with a prior Williamson County burglary conviction alleged for enhancement under V.T.C.A., Penal Code, Sec. 12.42(a). Punishment, enhanced under Sec. 12.42(a), supra, was assessed at sixteen years. No appeal was perfected in this cause.

Petitioner filed an application for writ of habeas corpus in the trial court, contending the court was barred from using appellant's prior burglary conviction to enhance petitioner's punishment as a second offender under Sec. 12.42(a), supra, because the same prior burglary conviction had been used previously in Travis County Cause No. 49,806 to fix petitioner's status as an habitual criminal under V.T.C.A., Penal Code, Sec. 12.42(d). The trial court recommended that the application for writ of habeas corpus be denied, without entering findings of fact and conclusions of law.

The records before this Court reflect that on November 10, 1975, petitioner was convicted, on his plea of not guilty to a jury, in Travis County Cause number 49,806, of the offense of aggravated assault with a deadly weapon. Petitioner requested that the court assess punishment. On November 12, 1975, a punishment hearing was conducted before the court and petitioner's two prior convictions were proved for enhancement purposes under Sec. 12.42(d), supra. Petitioner was subsequently sentenced to a life term of imprisonment and that conviction is presently pending appeal to this Court.

The record supports petitioner's contention that a 1969 burglary conviction from Williamson County in Cause number 13,598 was twice used for enhancement purposes, initially for enhancing petitioner's punishment as an habitual criminal in Travis County Cause number 49,806, and on the same day, enhancing petitioner's punishment as a second offender in Travis County Cause number 49,807. The order of these convictions is not shown by the record, but it is not controlling.

It is well settled in Texas that a prior conviction may be used twice for enhancement purposes if the first use is under subsection (a), (b) or (c) of Sec. 12.42, V.T. C.A., P.C. and the second is under subsection (d) of that section. *Ex parte White*, 538 S.W.2d 417 (Tex.Cr.App. 1976); *Carvajal v. State*, 529 S.W.2d 517; *Ex parte Calloway*, 151 Tex.Cr.R. 90, 205 S.W.2d 583 (1947). This is an exception to the general rule that prior convictions may be successfully used for enhancement but one time. *Kinney v. State*, 45 Tex.Cr.R. 500, 79 S.W. 570 (1904); *Ex parte Friday*, 545 S.W.2d 182 (Tex.Cr.App. 1977). The issue presented by the facts of the instant case is whether a prior conviction may be made to do such double duty where the order of use is reversed: the first use being to enhance to habitual status and the subsequent use being to enhance as a repeat offender under subsection (a) of Sec. 12.42.

Apparently, this particular fact situation has never before been presented to this Court. Petitioner cites no case which is directly in point and our research has disclosed no case which is dispositive of the issue presented. It therefore becomes necessary to examine into the rationale for the general rule and its exception in order to intelligently pass upon the question before us.

The general rule was laid down some 74 years ago in the case of *Kinney v. State, supra.* The reasoning advanced in support of the proposition was, first, the absence of any statutory authority allowing such double use, and, second, that such use would violate the principle of double jeopardy. This reasoning has been extensively criticized in a number of cases.[1] However, the rule has continued in force for three quarters of a century with little change. It appears that the only remaining rationale for the rule with any validity is that the enhancement provisions of the penal code have been reenacted by the legislature with a knowledge of the judicial construction given them in *Kinney* and its progeny and therefore that body must have been satisfied with that rule of law. *Carvajal v. State supra; Brown v. State, supra.*

The exception to the general rule was first espoused in *Ex parte Calloway, supra.* This Court at that time also was confronted with a fact situation which had not previously arisen. The underlying rationale for the establishment of the exception was two-pronged. First, it was noted that the two enhancement provisions in question were entirely separate and distinct, dealing with separate and distinct punishments. Then it was noted that if a prior conviction could never be used for enhancement to habitual status under Art. 63 V.A.P.C. after having been used under Art. 62 that Art. 63 would

1.  See e. g., *Mayo v. State*, 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1957); *Ex parte Calloway, supra; Brown v. State*, 150 Tex.Cr.R. 386, 196 S.W.2d 819 (1946) (Opinion on Motion for Rehearing, Beauchamp, J.). This Court has rejected the notion that enhancement of punishment in any way involves double jeopardy. *Passmore v. State*, 544 S.W.2d 399 (Tex.Cr. App. 1977) (dealing with Sec. 12.42, V.T.C.A., P.C.); *Schultz v. State*, 510 S.W.2d 940 (Tex. Cr.App. 1974) (dealing with Art. 63, old penal code).

become largely a nullity, because in any case where the defendant had committed three crimes and the first had been used under Art. 62 to enhance punishment in the second, there would not be available two prior convictions to use for enhancement under Art. 63, the first having already been "used up." *Ex parte Calloway, supra.* See also, *Brown v. State, supra; Mayo v. State,* 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1957).

Although significant changes were made in the enhancement provisions in the new penal code[2] this exception has been carried forward and it has been suggested that all of the previous rules governing double use of priors for enhancement will be the same under the new code. *Carvajal v. State, supra;* Sec. 12.42, V.A.P.C., Practice Commentary.

The exception laid down in *Calloway* covers the facts presented here. The underlying rationale is the same. Here, as in *Calloway*, we are dealing with two enhancement provisions (12.42(a) and (d)) which are entirely separate and distinct. In fact, the articles construed in *Calloway* were the direct predecessors of the subsections involved here. See *Ex parte Calloway, supra;* Sec. 12.42, V.A.P.C. and Practice Commentary. In addition, here, as in *Calloway*, application of the general rule would yield an illogical result. That result would be to nullify the use of Sec. 12.42(a) in a case where its application would have been undeniably proper if the timing had been only slightly different. To illustrate: petitioner was sentenced in causes 49,806 and 49,807 on the same day, apparently within minutes of one another. In 49,806 he was assessed a life sentence based on the enhancement provisions of Sec. 12.42(d). In 49,807 he was assessed a sixteen year term based on the enhancement provisions of Sec. 12.42(a). Can it be denied that if the trial court had chosen to assess punishment in cause 49,807 prior to assessing punishment in cause 49,-806 its action would have been entirely justified as falling within the exception to the general rule, laid down in *Calloway*? I think it cannot. Are we then to exalt form over substance and nullify the trial court's action even though the exact same result could have been achieved with a reverse order in assessing punishment? This we should decline to do. I dissent.

2. Compare: Sec. 12.42, subsections (a)–(d) with Art. 61–65 V.A.P.C., 1925.