Clifford Ray DELONEY,
Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 81–1289.

United States Court of Appeals,
Fifth Circuit.

Sept. 6, 1983.

Barry Abrams, Houston, Tex., for petitioner-appellant.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, GEE and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge.

On October 18, 1976, Clifford Ray Deloney was indicted by the Dallas County grand jury for burglary of a vehicle.[1] This charge was "enhanced" by paragraphs charging that Deloney had previously been convicted of two felony offenses. Under Texas law, conviction upon this charge as enhanced carried mandatory life imprisonment.[2] On November 22, 1976, Deloney was indicted for forgery for forging and attempting to negotiate a $202.00 check. Forgery, a third degree felony, carries a potential punishment of from two to ten years imprisonment. Tex.Penal Code Ann. arts. 12.34, 32.21(d) (Vernon 1974).

On January 21, 1977, with the assistance of an attorney, Deloney pleaded guilty to both indictments. Pursuant to a plea bargain, the prosecution agreed to dismiss one of the enhancement counts on the burglary indictment, thereby eliminating the mandatory life sentence.[3] Deloney was sentenced to fifteen years imprisonment on the burglary charge and two years on the forgery charge. On February 3, 1977, Deloney wrote the presiding judge of the sentencing court, complaining that his attorney had not fully disclosed pertinent information to him prior to his making his plea, and explaining that he felt he had been "coerced" into pleading guilty. Deloney's court-appointed attorney then filed a motion for a new trial in both the forgery and burglary cases, alleging "that the [court's] verdict is contrary to the law and evidence." That same day, the trial court granted the motion.

A week later, Deloney was reindicted for the same forgery offense. This time, however, the prosecutor added the two felony convictions which had previously been attached to the burglary charge to the forgery charge for enhancement purposes. As

1. The indictment alleged that Deloney had forced his way into a locked car with the intent to steal. Burglary of an auto is a third degree felony. Tex.Penal Code Ann. art. 30.04(c) (Vernon 1974).

2. Under § 12.42(d) of the Texas Penal Code, "if it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life." Deloney had previously been convicted of burglary, a felony, in 1971 and again in 1974.

3. See supra note 4, at 1082.

a result of the enhanced forgery indictment, Deloney's potential punishment on the charge increased from ten years to life. *See* Tex.Penal Code Ann. arts. 12.42(d), 12.-34 (Vernon 1974). The original burglary charge, with its one enhancement count, remained outstanding.[4] Deloney went to trial on the forgery charge and was found guilty. He pleaded "true" to the enhancement paragraphs and was sentenced to a mandatory life imprisonment. On May 16, 1978, the prosecutor dismissed the remaining enhancement paragraph on the burglary indictment. Deloney pleaded guilty to the burglary charge and was sentenced to two years, with credit for time served.

Deloney's conviction and sentence on the enhanced forgery charge were affirmed by the Texas Court of Criminal Appeals in January, 1980. On November 17, 1980, Deloney filed a petition for a writ of habeas corpus in the United States District Court pursuant to 28 U.S.C. § 2254, alleging (1) that his reindictment on the forgery charge following his successful attack on his conviction constituted prosecutorial vindictiveness; (2) that he was denied due process and equal protection of the law when the trial court granted his motion for a new trial but failed to enter a judgment of acquittal; and (3) that, because his first conviction on the forgery charge was overturned on grounds of insufficiency of the evidence, his retrial was in violation of his right to be free from double jeopardy. The district court, adopting the findings and recommendation of the United States magistrate, denied the writ. This appeal follows.[5]

## I. Prosecutorial Vindictiveness

Deloney's major contention is that his reindictment on the former forgery charge supplemented by two enhancement provisions constituted prosecutorial vindictiveness, in violation of due process. He asked that we reverse his conviction as *per se* violative of the Fourteenth Amendment; alternatively, he asks that we remand to the district court with instructions that the state be required to prove that his reindictment was motivated by legitimate reasons.

■ Principles established by the Supreme Court in *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) and interpreted by this Court in *Hardwick v. Doolittle,* 558 F.2d 292 (5th Cir.1977), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978), and *Jackson v. Walker,* 585 F.2d 139 (5th Cir.1978), make it clear that the substantial discretion traditionally accorded state prosecutors in bringing a defendant to trial is limited by the due process guarantees of the Fourteenth Amendment. Once an accused has been convicted and successfully exercises his statutory or constitutional right to obtain relief from his conviction, the state may not "marshal more numerous or severe charges against [him] in order to punish him for availing himself of [these] appropriate remedies or discourage future defendants from a similar exercise of their rights." *Miracle v. Estelle,* 592 F.2d 1269, 1272 (5th Cir. 1979), *quoting Blackledge v. Perry, supra,* 417 U.S. at 27, 94 S.Ct. at 2102.

In *Blackledge,* the defendant was convicted of an assault misdemeanor in state court and sentenced to six months imprisonment. Following this conviction, the defendant exercised his statutory right to obtain a trial

**4.** Under Texas law, conviction for third-degree felony, enhanced by only *one* prior conviction, results in punishment for a second-degree felony, not an automatic life sentence. Tex.Penal Code art. 12.42(a) (Vernon 1974). The term of punishment for conviction of a second-degree felony is not less than two and not more than twenty years. Tex.Penal Code Ann. art. 12.33 (Vernon 1974).

**5.** In November, 1981, this Court dismissed the appeal because Deloney had not made the requisite objections to the magistrate's findings,

based upon the rationale of our decision in *Nettles v. Wainwright,* 656 F.2d 986 (5th Cir. 1981). The *Nettles* decision was reheard en banc and modified to bar attack of the district court's factual findings on appeal when objections have not been made only if the magistrate has informed the defendant that objections must be filed within ten days, *Nettles v. Wainwright,* 677 F.2d 404, 408 (5th Cir.1982) (en banc). After this modification by the full Court, we reinstated the appeal and granted Deloney's motion for appointment of counsel.

*de novo* in a higher court. The prosecutor then obtained a superseding indictment charging the accused with a felony, assault with intent to kill and inflict serious bodily injury, based on the same act as the previous charge. The defendant pleaded guilty to this new indictment and was sentenced to five to seven months imprisonment. In holding that the second indictment violated the due process clause, the Supreme Court stressed that other defendants might perceive the more serious felony charge as a "retaliatory" measure of the exercise of the right to appeal. "A person convicted of an offense is entitled to pursue his statutory right [to attack his conviction] without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." 417 U.S. at 28–29, 94 S.Ct. at 2102–2103. The Court went on to explain that

> "[t]he rationale of our judgment ..., however, [is] not grounded upon the proposition that actual retaliatory motivation must inevitably exist. Rather, ... 'since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the [prosecutor].'" 417 U.S. at 28, 94 S.Ct. at 2102, *quoting North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969).

In implementing the *Blackledge* decision, this Court has consistently recognized that evaluation of a prosecutorial vindictiveness claim involves a balancing of two antithetical interests: (1) the due process right of the defendant to exercise his right of appeal without fear of increased potential punishment, and (2) the prosecutor's discretion to control the decision to prosecute. *Miracle v. Estelle, supra*, 592 F.2d at 1272; *Hardwick v. Doolittle, supra*, 558 F.2d at 301; *Jackson v. Walker, supra*, 585 F.2d at 143. As we explained in *Jackson*, the Court must "weigh the extent to which allowing the second [prosecution of the defendants] will chill the exercise of the defendants' appeal right against the extent to which forbidding the second [prosecution] will infringe on the exercise of the prosecutor's independent discretion." 585 F.2d at 145.

The prerequisite to any *Blackledge* analysis is that the defendant must establish a *prima facie* case of vindictiveness. *Miracle v. Estelle, supra*, 592 F.2d at 1275; *Jackson v. Walker, supra*, 585 F.2d at 146. In cases where the defendant is retried following successful challenge of an earlier conviction, this burden is satisfied by a showing that the second charge is in fact harsher than the first. The critical question in this case, therefore, is whether the prosecutor's decision to reindict Deloney on the forgery charge with two enhancement paragraphs exposed him to more severe charges than he had originally faced under the first indictment when the only reason that a portion of the original indictment was reduced was because of defendant's plea bargain.[6]

---

**6.** In *Jackson,* this Court engaged in a sophisticated and somewhat complicated analysis of *Blackledge,* differentiating between cases where the accused was reindicted and retried on *additional* charges stemming from criminal conduct not alleged in the original indictment, and those where a defendant had been reindicted or retried on more serious charges for the *same offense.* In the former circumstance, (illustrated by *Hardwick* and *Jackson*), the Court concluded that the establishment of a *prima facie* case of vindictiveness creates only a presumption of a due process violation, shifting the burden to the state to prove that the prosecutor's motive was in fact not vindictive. This is because the state's interest in having the freedom to initiate prosecution for distinct offenses is great. In the latter circumstance (illustrated by *Miracle* and *Blackledge* ), on the other hand, the reasonable apprehension of vindictiveness is by itself sufficient to establish a due process violation. When a case involves only the prosecutor's right to reopen "a previously completed exercise of discretion," *Jackson, supra,* 585 F.2d at 144, there is no strong countervailing policy of allowing the prosecution freedom to exercise its discretion in charging of the crimes, simply because there were no such other crimes. *Miracle v. Estelle, supra,* 592 F.2d at 1276. Because Deloney's claim of vindictiveness rests on his assertion that the state had reindicted him on more serious charges for the same offense after he had successfully challenged his earlier conviction, not that the state levied additional charges against him arising out of the same conduct, a showing

Deloney argues that the second indictment represents a "bald escalation of the charges against him" because his potential punishment on the forgery charge increased from ten years to life. The state counters that, because the prior convictions alleged in the second indictment were the same as those originally alleged in the first indictment, Deloney faced the same possibility of mandatory life imprisonment as he had when the prior convictions were attached to the burglary charge.

It is obvious to us that the critical difference between the two positions lies in the focus each side asks this Court to adopt. Deloney would have us evaluate his claim by examining the forgery charge alone. The state, on the other hand, submits that an assessment of whether the prosecutor did, in fact, reindict Deloney on more serious charges can properly be accomplished only if we examine the totality of the charges pending against him before and after the withdrawal of his guilty plea. We agree. Although Deloney's application attacks his conviction only on the enhanced forgery charge, the underlying facts upon which his habeas application are predicated took place in the disposition of his plea of guilty in an admitted plea bargain to a previous indictment charging him with *both* forgery and burglary of an auto. The guilty pleas to both charges were made at the same time, vacated at the same time, and a new trial was ordered on both the charges, despite the fact that Deloney requested that the Court grant him a new trial on the burglary conviction alone.[7] Deloney cannot now ask this Court to ignore the totality of the charges against him. Only if we examine the entire context of the prosecutions can we accomplish the delicate weighing of the state's and the defendant's interests required in a prosecutorial vindictiveness claim.

Deloney argues that even were we to view the set of charges against him in their entirety we must nonetheless find that the prosecutor's decision to add the enhancement counts to the forgery charge increased the charges against him. Deloney contends that, after the second indictment, he faced *two* enhanced charges—the forgery charge now enhanced by two prior felonies and the burglary charge enhanced by one prior felony—rather than one. This is incorrect. Under Texas law, prior convictions can be used only once for the purposes of enhancing punishment. *Ex Parte Montgomery,* 571 S.W.2d 182, 183 (Tex.Cr.App. 1978); *Carvajal v. State,* 529 S.W.2d 517, (Tex.Cr.App.1975), *cert. denied,* 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336 (1976). Consequently, if Deloney were convicted on the enhanced felony count, the state would be required, by law, to dismiss any prior convictions used to enhance any other charges pending against him.[8] Following conviction on the enhanced forgery charge, Deloney would be susceptible only to an *unenhanced* burglary charge, the punishment for which is two to ten years, exactly the same as for the forgery charge he faced under the first indictment. Tex.Penal Code Ann. arts. 12.34, 30.04(c) (Vernon 1974).

Deloney next argues that if the state failed to obtain a conviction on the enhanced forgery charge, it would then be free to pursue a conviction under the outstanding enhanced burglary charge. This would give the state "two shots" as obtaining a conviction under the habitual offender statute, whereas under the first indictment, when Deloney was charged with only one enhanced crime, an acquittal on that charge would have subjected him to prosecution only on the simple forgery charge. State law is again to the contrary. At the same time that a prior conviction used successfully cannot be used for enhancement more than once, if the prior prosecution were *not*

---

of vindictiveness would establish a *per se* due process violation. There would be no need to remand to the district court to allow the state to rebut his showing.

**7.** Deloney was apparently satisfied with his two-year plea bargain on the forgery charge.

He was less pleased, however, with his 15-year sentence on the burglary charge.

**8.** This is exactly what happened. Following Deloney's conviction on the enhanced forgery charge, the enhanced paragraph on the remaining burglary charge was dismissed.

successful, then the state is free to use the prior convictions as enhancement in new prosecutions. *Ex Parte Montgomery, supra,* 571 S.W.2d at 184; *Florez v. State,* 479 S.W.2d 683, 684 (Tex.Cr.App.1972). Deloney's hypothetical acquittal on the forgery charge would have left him susceptible to trial on the burglary charge using the prior felony convictions.

Deloney's distinction between the two indictments on the grounds that the second indictment exposed him to two enhanced charges instead of one is a distinction without legal significance. The state gained no advantage from "switching" the enhancement paragraph from the burglary charge to the forgery charge. If Deloney were convicted of the enhanced forgery charge, the prosecutor would be prevented by law from trying him on another charge enhanced by these same convictions. If Deloney were acquitted of the forgery charge, the prosecutor would be free to add both enhancement counts which had been used unsuccessfully in that prosecution, to the burglary charge. Thus, under either scenario, Deloney would in fact be subject to exactly the same range of punishment as he was under the first indictment. Prior to successful withdrawal of his guilty pleas, Deloney faced a mandatory life sentence on the burglary charge, plus two to ten years on the forgery charge. Following withdrawal of his pleas, he faced a mandatory life sentence on the forgery charge plus two to ten years on the burglary charge.

We stress that in this case the asserted increased seriousness of the charges stems from the reduction of the charges pursuant to the plea bargain. The charges were not enhanced beyond the original indictments. Thus actually Deloney's claim reduces itself to a bootstrap device in three steps: First, plea bargain to get the charges cut down. Second, get the plea bargain set aside for lack of understanding and coercion of his agreement by his attorney. Third, insist that it would be prosecutorial vindictiveness now to be prosecuted at the same level of jeopardy to punishment that the original indictments called for. The law does not find this to be prosecutorial vindictiveness. This Court has held that "a prosecutor may, without explanation, refile charges against the defendant whose bargained-for guilty plea to a lesser charge has been withdrawn or overturned on appeal, *provided that an increase in the charges is within the limits set by the original indictment.*" *Hardwick v. Doolittle, supra,* 558 F.2d at 301 (emphasis added). The charges facing Deloney under the second indictment were not only "within the limits" of those in the first indictment, but were the same.

■ We find, therefore, that the second charge was not in fact harsher than the first, and thus that the "sine qua non" of a prosecutorial vindictiveness claim has not been met. *Miracle v. Estelle, supra,* 592 F.2d at 1275, *quoting Jackson v. Walker,* 585 F.2d at 146. Accordingly, we do not need to balance the defendant's due process rights against the prosecutorial interest. As we have expressed, "[u]nless there is at least a minimum danger of making future defendants apprehensive, there is no need to balance that danger against the infringement of the prosecutor's discretion." *Chapman v. Estelle,* 593 F.2d 687 at 689 n. 5 (5th Cir.1979). We conclude, therefore, that the prosecutor's actions in the present case do not appear even minimally vindictive, and affirm Deloney's conviction on both charges.[9]

---

9. Deloney urges that he was never openly advised by the prosecutor during his plea bargaining that additional and more serious charges would be filed against him if he rejected the bargain. The lack of such a warning would bring Deloney outside a line of cases in which this Court has held that no presumption of prosecutorial vindictiveness arises when a prosecutor enhances the charges against the defendant prior to trial *if* such warnings were given. *Ehl v. Estelle,* 656 F.2d 166, 170 (5th Cir.1981) *cert. denied,* 455 U.S. 953, 102 S.Ct. 1459, 71 L.Ed.2d 669 (1982). *Montgomery v. Estelle,* 568 F.2d 457, 458 (5th Cir.), *cert. denied,* 439 U.S. 842, 99 S.Ct. 135, 58 L.Ed.2d 141 (1978). Actually, however, Deloney was never "warned" that additional, more serious charges would be filed against him should he reject the proposed plea bargain because more serious charges were *not* filed. The requirement of such a warning presupposes that the subsequent charges were, in fact, more "serious" than those in the first indictment. In this case they were not.

## II.

Deloney next claims that he was denied due process and equal protection when the trial court granted his motion for a new trial on the forgery and burglary convictions, but failed to enter a judgment of acquittal. Deloney bases this claim on his assertion that his conviction was set aside on the ground of insufficiency of the evidence. It is clear that retrial of a criminal defendant after his first trial resulted in a conviction which was set aside because of insufficiency is precluded by the Fourteenth Amendment. *Greene v. Massey,* 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978); *Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978). The critical question on appeal, therefore, is whether Deloney's initial convictions for forgery and burglary were in fact reversed because of insufficient evidence.

The motion for Deloney's new trial had been predicated on the boilerplate grounds that "the verdict is contrary to the law and evidence." In order to assess this issue on Deloney's direct appeal to state court, the Texas Court of Criminal Appeals ordered the trial court to provide it with supplemental findings of fact detailing the precise reasons why the motion to set aside the plea bargain had been granted, and in particular, instructed the court that it could utilize affidavits, depositions, interrogatories and hearings to develop the requested information.

The trial judge then submitted an affidavit in which he stated "I granted the motions because of these allegations of coercion to plead guilty." The trial judge also stated that "[t]he new trials were not granted because of insufficient evidence" and thus reindictment and trial was not foreclosed by *Burks v. United States, supra.* Additionally, the attorney who was appointed to represent Deloney and who filed the new trial motion stated in an affidavit that Deloney "represented to the judge that he had been coerced by his former counsel to plead guilty to these cases, and he desired to withdraw his pleas." The attorney concluded that "[i]t is my understanding that [the judge] granted the new trials because after I counselled with Mr. Deloney and

reviewed his case, I notified the Court that Mr. Deloney was unduly influenced and coerced to plead guilty and enter into a plea bargaining agreement." The assistant district attorney and the chief prosecutor in charge of the case also submitted affidavits to the effect that the new trials were granted because of alleged coercion.

The district court, in denying the writ, recognized that ordinarily it is inappropriate to resolve issues of fact based upon affidavits and statements. The court concluded, however, that in the instant case, because the issue of fact pertained entirely to the mental processes of the presiding judicial officer, because the findings were not so removed in time from the proceedings so as to render the recollections suspect, and because the court's recounting was corroborated by the statements of both the prosecutors and Deloney's own counsel, the findings of the trial court would be accepted as correct. We concur. There is absolutely nothing in the record to support Deloney's contention that his plea bargain was overturned because there was insufficient evidence to support his convictions on either the forgery or the burglary charge, save the boilerplate phrase in his motion.

Moreover, statements of Deloney himself contradict his claim. In his letter to the court requesting that he be allowed to withdraw his guilty plea, Deloney explained that he was writing "about the fifteen years that I got from your court.... I don't think that I received a fair trial in your court.... [M]y attorney was not telling things that I should have known.... All is come [sic] down to is trickery and not Justice. I would like to have this conviction overturned." Prior to commencement of his trial on the forgery charge, Deloney was questioned extensively by both the court and his own lawyer concerning his decision to plead not guilty. During this exchange Deloney's lawyer asked: "You understand that there was some plea bargaining offered and that you were not happy with the plea bargaining, is that right?"

Deloney: "Yes sir."

The Court: "And you didn't like the fifteen years that was offered you?" [10]

Deloney: "No."

Deloney's lawyer then added, "And as a result, you asked for a jury trial, is that right?" Deloney responded, "Yes, sir."

■ The supplemental findings relied upon in the state habeas corpus proceedings and federal district court were detailed and entirely consistent. The facts relevant to the grounds for the new trial were fully and fairly developed. Because the district court's finding is nowhere contradicted by the record and is not otherwise shown to be clearly erroneous, we find no error in the court's conclusion. *See Farmer v. Caldwell,* 476 F.2d 22, 25 (5th Cir.), *cert. denied,* 414 U.S. 868, 94 S.Ct. 178, 38 L.Ed.2d 117 (1973). We find no reason to remand to the district court for an evidentiary hearing.

■ Having determined that the new trials were not granted on insufficiency grounds, but rather on grounds of involuntariness of the plea bargain, we can easily dispose of Deloney's final claim that his subsequent prosecution violated the double jeopardy clause of the Fifth Amendment as applied by the Fourteenth. Absent reversal of a conviction based upon insufficiency of the evidence, retrial of a defendant is not barred. *United States v. Ball,* 163 U.S. 662, 670, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896); *Alvarez v. Estelle,* 531 F.2d 1319, 1322 n. 3 (5th Cir.1976), *cert. denied,* 429 U.S. 1044, 97 S.Ct. 748, 50 L.Ed.2d 757 (1977).

### III. CONCLUSION

We find that Deloney's reindictment did not increase the severity of the charges against him, and thus it did not establish actual prosecutorial vindictiveness nor a showing of any reasonable apprehension of vindictiveness. We also conclude that the record was sufficient to support the district court's finding that Deloney's trial was granted on the grounds that his guilty plea was involuntary. Consequently, his subsequent prosecution was not barred by double jeopardy. The decision of the district court denying the writ is

AFFIRMED.

---

10. The petitioner correctly points out that the judge's reference to fifteen years related to the sentence which Deloney had received as a result of his plea on the burglary charge, not the forgery charge which was being retried at this point. Nonetheless, that "error" is of no consequence to the substance of Deloney's responses. Deloney was dissatisfied with his *plea bargain,* and he necessarily was dissatisfied with that portion of it which caused him to be sentenced to fifteen years. He received only a two year sentence—the *minimum* allowed by statute—on the forgery charge. The critical fact remains that never once did Deloney evince any indication that either charge should be overturned because the evidence was insufficient.