No. 26,822.

The State of Kansas, *Appellee*, v. William H.. Cassady, alias Harry Cassady, *Appellant*.

### SYLLABUS BY THE COURT.

1. Intoxicating Liquors — *Persistent Violators — Effect of Intervening Acquittal.* The rule is followed that an acquittal on a charge of the sale of liquor as a second offense does not prevent the use of the same prior conviction as a basis (in conjunction with a different alleged second offense) for a later prosecution as a persistent violator.

2. Same—*Former Jeopardy—Identity of Offenses.* An acquittal on a charge of having possession of intoxicating liquor is not a bar to a subsequent prosecution for a sale of the same liquor at the same time and place.

3. Same — *Instructions — Alibi.* An instruction concerning alibi having been given as to two counts of an information charging possession and sales of intoxicating liquor, it is held the omission to give a similar instruction as to a third was justified by the difference in the evidence concerning the several counts.

Appeal from Harper district court; George L. Hay, judge. Opinion filed June 12, 1926. Affirmed.

*E. C. Wilcox* and *J. Howard Wilcox,* both of Anthony, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *R. H. Beebe,* county attorney, and *Donald Muir,* of Anthony, for the appellee.

The opinion of the court was delivered by

Mason, J.: On September 28, 1925, an information was filed against William H. Cassady as a persistent violator of the prohibitory law, charging him in three counts with having had intoxicating liquor in his possession after having been convicted of a like charge, and in three other counts with having sold liquor after such conviction. He was acquitted on one count for possession and one for

Criminal Law, 16 C. J. pp. 278 n. 39, 279 n. 47, 977 n. 45, 1058 n. 32. Intoxicating Liquors, 33 C. J. p. 799 n. 81.

sale, one count for possession was dismissed by the state, and a conviction was had upon the other three counts. He appeals.

1. The prior conviction relied upon by the state was had on September 13, 1923. In the present case the defendant filed a plea in bar based upon the fact that on January 13, 1925, he had been tried and acquitted upon a charge of having liquor in his possession after that conviction. A demurrer to the plea in bar was sustained. The defendant contends that the acquittal implied a finding that he had not previously been convicted of a violation of the prohibitory law, and rendered proof of such former conviction unavailable against him. A substantially similar contention has been held to be unsound (*State v. Schmidt*, 92 Kan. 457, 140 Pac. 843), and the ruling in the case cited is adhered to.

2. The fourth count charged the sale of liquor on June 16, 1924, the same date on which the defendant was charged with possessing liquor in the prosecution which resulted in an acquittal. The plea in bar alleged that the liquor charged in the fourth count to have been sold was the same he had been acquitted of possessing, and urges that the plea should have been sustained for that reason. However, "the doctrine of *res judicata* does not apply in criminal cases to particular facts in issue" (*State v. Schmidt*, supra), and the offenses of possessing liquor and selling it are not the same, so there was no former acquittal. This court has held that a conviction for selling liquor may stand although the jury in the same action acquits the defendant of having it in his possession. (*State v. Stewart*, 120 Kan. 516, 243 Pac. 1057.) The same principle applies here. We hold the demurrer to the plea in bar to have been rightly sustained.

3. Complaint is made of the omission of the court to give an instruction concerning the defense of alibi as applied to the fourth count, although such an instruction was given as to the fifth and sixth. Evidence was given in behalf of the defendant obviously intended to show his presence elsewhere at the time of the acts charged in the fifth and sixth counts. If the evidence bore upon his absence from the scene of the sale alleged in the fourth count it did so only obscurely, and without a request there was no occasion for an instruction on the subject.

The judgment is affirmed.