EDDIE MILLER v. THE STATE.

No. 20982.  Delivered May 29, 1940.

The opinion states the case.

*J. Mitch Johnson* and *Walter E. Gates,* both of San Saba, for appellant.

*G. A. Walters,* County Attorney, of San Saba, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury of the unlawful possession of whisky for the purpose of sale, and under an allegation of a prior like offense he was fined the sum of $200.00.

Complaint is made relative to the introduction of a carbon copy of the affidavit and search warrant authorizing the search of appellant's premises. Secondary evidence, we think, was admissible where it was shown that the original had been lost and after diligent search could not be found, in order to show execution, the presence and the contents of such an instrument.

On account of the matters set forth in bill of exceptions No. 7 we predicate a reversal of this case.

In the complaint and information the instant offense is alleged, and for the purpose of enhancing the punishment we find a further allegation that appellant had been convicted on May 22, 1939, in the same county court, in cause No. 1769 for an offense of like character.

It is shown by the record that on the day prior to this trial this same defendant had been tried for a similar offense, and for the purpose of an enhancement of the punishment this same additional cause No. 1769, of date May 22, 1939, had been introduced and used for the purpose of enhancing the penalty in that case. A former case of like character can be successfully used for enhancement purposes but once. We have heretofore held in the case of Kinney v. State, 79 S. W. 570, that: "It is furthermore urged that these three same offenses were used in Nos. 26,836 and 26,837 in order to enhance the punishment against appellant; that is, said cases were used not only to enhance appellant's punishment in the case on trial, but had previously been used in the two preceding cases. An inspection of the record sustains this contention. Evidently it was never intended that prior offenses could thus be made to do double duty; that is, that prior cases could be used to enhance the punishment in any given case more than once."

Also see the late case of Cothren v. State, our No. 20984, decided May 22, 1940, not yet reported. (Page 339 of this volume.)

It is noticed that the jury responded to the court's charge thereon and gave appellant double the lowest fine. See Art. 61, P. C.

On account of the use herein for enhancement of punish-

ment of cause No. 1769, which had theretofore been used for such purpose, this judgment is reversed and the cause remanded.