## MARTIN STOVER TULEY V. THE STATE.

No. 23872. Delivered January 7, 1948.
Rehearing Denied February 18, 1948.

*Cox & Cox,* of Sherman, for appellant.

*W. K. Baldridge,* County Attorney, of Denton, *Paul Worden,* County Attorney, of McKinney, *Rogers Teel,* Assistant County Attorney, of Denton, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Upon a grand jury indictment alleging robbery with firearms and also a prior conviction for a felony to which the penalty of death is affixed as an alternate punishment, appellant was found guilty and assessed life imprisonment in the penitentiary.

The indictment was returned by a grand jury in Collin County, where the offense was committed. The case was transferred to Denton County for trial.

It is alleged that appellant stopped a young man and his girl companion on a highway, robbed the man of his clothing, his money, a pocketbook, and a knife. It is in evidence that he took the young lady and drove away in his car, leaving the victim of the robbery in the road without clothing. The evidence is amply sufficient to sustain the conviction on this charge and there is no evidence in behalf of appellant to contradict it.

It appears from the bill of exceptions in the case that the grand jury returned another indictment at the same time as the one in this prosecution, in which they charged the appellant with rape and also alleged a prior conviction for the same offense alleged in the indictment now before us. The District Judge was disqualified in the case and the Honorable A. R. Stout, of Waxahachie, was transferred to Collin County and presided

444

over the trial in which appellant was convicted for the rape and given fifty years in the penitentiary. It is shown on this appeal that the State alleged the former conviction, of date November 2, 1934, in the rape indictment and the contention made that, the State having done so, it was error to use it again in the instant case. Judge A. R. Stout again appeared in Collin County to try the robbery case, and acted in transferring it to Denton County. As a part of the preliminary hearing, before the case was transferred, the question of the prior use of the former conviction was raised. The objection was overruled and the bill of exception thereto was prepared and signed by Judge Stout with the qualification, as we interpret it, that the former conviction of 1934 was not utilized in the trial of the rape case. Such qualification is not necessary, in view of Articles 61, 62 and 63, Vernon's Ann. P. C. See also Brown v. State, 196 S. W. (2d) 819; and Ex parte Calloway, 205 S. W. (2d) 583, in which it is held that the use of a prior conviction of a felony to enhance punishment on a second conviction does not preclude the State from again using such prior conviction to enhance the punishment to life imprisonment, as an habitual criminal. While the qualification shows that the prior conviction was not actually utilized in the rape case, it is also very clear from the statutes and the holdings of this Court that it may be used in the case now before us, for the purpose of fixing life imprisonment as an habitual criminal, even though the first conviction had been used to enhance the punishment in a second trial prior to this one. The complaint has no merit as a matter of law, and would have none independent of the court's qualification.

One bill of exception (not numbered) complains of the admission in evidence of statements of the sheriff who arrested Tuley. We see nothing in this evidence more than inquiry to determine whether or not any statement was made by Tuley, and apparently the State took the view that it was not admissible as no statement was given as coming from the defendant.

Another bill of exception (not numbered) complains of the evidence of the young lady who was the victim in the rape prosecution, in which she testified as to the transaction including the details of the robbery and the fact that she was forced into appellant's car and driven away. It includes no statement about the rape and the court's qualification to the bill makes very clear a reason for its admission. Furthermore, all of the evidence is pertinent as being part of the same transaction giving rise to the present prosecution.

Another bill of exception complains of the misconduct of a juror. This arises on the hearing on his motion for new trial. One juror testified on direct examination that he heard some talk in the jury room about the fact that the defendant was convicted in McKinney in a rape case. On cross examination he said that the talk he heard was after the jury was discharged and he did not remember of hearing about it in the jury room. He did not remember where he heard it. From this evidence the court held against the contention, and his action is not subject to review by this Court.

A bill of exception complains of the refusal of the court to sustain his challenge to a juror. The substance of the objection was that on voir dire examination the juror testified that there could be no doubt in his mind as to the guilt or innocence of a person accused of an offense, and that he could not give a defendant accused of a criminal offense the benefit of a reasonable doubt, because he would know whether or not the accused was guilty or innocent after listening to the evidence. The qualification of the bill shows that the court examined the juror and is of the opinion that he had not understood the questions which had been asked him by defendant's counsel. He instructed the venireman concerning the law of reasonable doubt and became satisfied that he would give defendant the benefit of any reasonable doubt that might exist. The court then overruled counsel's challenge and no objection was made to his ruling or exception taken thereto. The complaint will not be sustained.

The last bill of exception pertains to the complaint first above discussed, concerning the use of the prior conviction in the present case. Further discussion will not be required.

We find no reversible error in the record and the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant criticizes our original opinion which is subject to the construction that in the present case a former conviction could be used to fix the status of an "habitual criminal" upon appellant although it had previously been used to enhance the punishment in another case. Appellant points out that the question of an "habitual criminal" was not involved in this case. In this regard appellant is correct. Appellant was contending that in a prosecution for rape the

former conviction of appellant in 1934 in Collin County for robbery had been *"used"* to enhance the punishment in the rape case, and therefore the same conviction in 1934, could not again be *"used"* to enhance the punishment in the present prosecution for robbery. This was the real issue, and the question turns upon what is meant by the term *"used."* The same judge who presided in the trial of the rape case also presided in a hearing in the present case where the propriety of alleging the prior conviction in 1934 in the present case was involved. The bill of exception bringing the question forward, as qualified, shows that in the rape case the motion of appellant to suppress or strike out the paragraph or count in that indictment averring the former conviction in 1934 was sustained, and that in the rape case the allegation of the conviction in 1934 "* * * was never read to the jury or so much as mentioned in their presence at any time; in fact, it then and there passed out of the trial and case and was never thereafter mentioned, referred to or alluded to in any way, shape, form or fashion, the trial being solely, wholly and only upon the first Count of said indictment * * *" charging the offense of rape. The qualification states further: "* * * In this case only (this appeal) has any use, or use for any purpose or substance, ever been made against the defendant Tuley for his previous conviction of Robbery in 1934. * * *"

As we understand it appellant here is urging the very same proposition which was before the court in Brown v. State, 150 Tex. Crim. Rep. 386, 196 S. W. (2d) 819, and held adversely to appellant's contention. There a prior conviction was alleged to enhance the punishment and the contention urged that because it was merely so alleged it was such "use" of the prior conviction as to preclude its use in a subsequent prosecution. We quote from the opinion in Brown v. State, (supra.)

. "This court is committed to the proposition that for the purpose of enhancing the punishment a prior conviction may not be used but one time. Many cases so holding will be found in the notes under Articles 61, 62, 63 and 64, Vernon's Ann. Tex. P. C. In the present case, appellant is seeking to have us go one step further. In the second count of cause No. 5731, the State alleged a prior conviction in cause No. 5607, thereby making available to the State, if it is so desired, the *use* of the conviction in No. 5607 to enhance the punishment in No. 5731. It is obvious that the State did not *use* the conviction in No. 5607 to enhance the punishment. Appellant is seeking to have us say that because the averments in the second *cause* in cause No.

5731 would have permitted the *use* of the prior conviction in No. 5607, that the State is precluded from now using the conviction in No. 5607 to enhance the punishment in the present case, although it is perfectly clear that it had never before been *used* to enhance the punishment in any case. We are not inclined to go as far as urged by appellant. See Sigler v. State, 143 Tex. Cr. R. 220; 157 S. W. (2d) 903."

We regard the holding in Brown v. State, (supra) and Sigler v. State (supra) as fundamentally sound and decisive of the question under discussion.

That part of our original opinion is withdrawn which appears to be predicated on the issue that the allegation of the former conviction was to fix upon appellant the status of an habitual criminal.

It is not thought necessary to consider further other matters urged in the motion.

The motion for rehearing is overruled.