J. Q. Smith, Quanah, R. R. Donaghey, Vernon, for appellant.

Jim. W. Sowell, County Atty., Quahan, George. P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is the sale of whiskey in a dry area, with prior offenses alleged to enhance the punishment; the punishment, a fine of $400.

The sole question presented for review grows out of the allegation and proof of the prior offenses in the instant case. Appellant contends that, since the same prior offenses were alleged and proven to enhance the punishment in another case against the appellant, they may not be used for the same purpose in the instant case, even though the prior case resulted in an acquittal of the appellant. Reliance is had upon the holding of this court in Kinney v. State, 45 Tex.Cr.R. 500, 79 S.W. 570.

Recently, in Johnson v. State, 253 S.W.2d 1006, we had occasion to review the holdings of this court in the Gooden cases, Gooden v. State, 140 Tex.Cr.R. 347, 145 S.W.2d 177, Id., 140 Tex.Cr.R. 351, 145 S.W.2d 179, and in Sigler v. State, 143 Tex.Cr.R. 200, 157 S.W.2d 903, which cases presented more complicated variations of the same question.

We hold that, where the prior convictions were alleged and proven to enhance the punishment in a case which results in an acquittal, this does not constitute a successful use of the prior convictions so as to prevent their being used in a subsequent case for the same purpose.

If the Kinney case be construed as holding in conflict with the decision here reached, it is expressly overruled to that extent.

We hold the doctrine of jeopardy does not apply to the case at bar.

The judgment of the trial court is affirmed.

## SANCHEZ v. STATE.

### No. 26338.

Court of Criminal Appeals of Texas.

March 25, 1953.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Appellant was found guilty of the offense of aggravated assault and his punishment assessed at six months in the county jail.

There is no statement of facts or bill of exception in the record. All the proceedings appear regular and no error is revealed by the record.

The judgment is affirmed.