JIMMIE JOE EVANS V. STATE

No. 27,196. November 24, 1954

518

*McCarthy, Rose & Haynes,* by *S. F. Rose,* of Counsel, Amarillo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of beer for the purpose of sale in a dry area, with two prior convictions of offenses of like character alleged to enhance the punishment; the punishment, one year in jail and a fine of $300.00.

Our able state's attorney confesses error. The two prior convictions alleged were: (1) Cause No. 2587, wherein the appellant was convicted in the county court of Wheeler County on January 13, 1954, and (2) Cause No. 2498, wherein the appellant was convicted in the same court on December 15, 1952.

When the state offered in evidence the information and judgment in Cause No. 2498 the appellant objected on the ground that the state was attempting to use the conviction in said cause a second time to enhance the penalty. It was developed that the conviction in Cause No. 2498 had been used to enhance the penalty in Cause No. 2587.

It has been the rule in this state since Kinney v. State, 45 Texas Cr. Rep. 500, 79 S.W. 570, that "a former case of like character can be *successfully* used for enhancement purposes but once."

The exact question here presented has been decided favorably to appellant's contention in Miller v. State, 139 Texas Cr. Rep. 406, 140 S.W. 2d 859, and Cothren v. State, 139 Texas Cr. Rep. 339, 140 S.W. 2d 860.

We recently, in McGill v. State, (page 324, this volume) 269 S.W. 2d 398, had occasion to reaffirm the principle of law announced in these two cases.

We also observe a serious defect in the court's charge. Nowhere therein is the jury told the term they could assess the appellant in the form of a jail sentence.

The judgment is reversed and the cause remanded.