Elroy FLOREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 44702.

Court of Criminal Appeals of Texas.

March 15, 1972.

Rehearing Denied May 24, 1972.

Fred C. Chandler, Sr., Pecos, for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction on January 26, 1971, for the offense of forgery; the punishment, enhanced under Article 63 Vernon's Ann.P.C., life.

Appellant's sole ground of error on appeal is that the prior convictions alleged for enhancement in the indictment had been previously used in other cases and "they could not be used to enhance the penalty a second time."

The record before us shows that the second paragraph of the indictment in the case at bar alleged a prior final conviction for burglary in the 143rd District Court of Reeves County in Cause No. 2577, such final conviction occurring on March 15, 1961, being prior to the commission of the offense charged in the instant case. The third paragraph of the indictment alleged that appellant was convicted of theft from the person in the 143rd District Court of Reeves County in Cause No. 2366, such final conviction occurring on March 27, 1958, being prior to the commission of the offense set forth in the second paragraph of the indictment.

H. D. Glover, the County Attorney of Reeves County, identified appellant as being the same person that was convicted on March 15, 1961, of the offense of burglary in Cause No. 2577, and as being the same person who was convicted of the offense of theft from the person on March 27, 1958, in Cause No. 2366, both such convictions being in the 143rd District Court and both were final convictions. The sentence in Cause No. 2577 and the sentence in Cause No. 2366 also show that appellant was so convicted.

At the hearing on motion for new trial, appellant's counsel stated that these same two prior convictions had been alleged for enhancement in at least two other indictments. That on the trial of one of these indictments appellant was found not guilty of the primary offense. That on the trial of another one of these indictments he was found insane.

In Sigler v. State, 143 Tex.Cr.R. 220, 157 S.W.2d 903, this court stated:

"We do think that such enhancement allegations are no part of the substantive offense, but are merely a guide for the

court or the jury in affixing the final punishment in the event of a present conviction. It is no part of the charged theft, and no proof of another and different offense is needed nor permitted; it is but an historical fact to show the persistence of the accused, and the futility of ordinary measures of punishment as related to him. The accused is not again placed in jeopardy nor punished for the prior offenses, nor is there created new offenses, but such are merely offered for the purpose of arriving at the punishment to be assessed in the present case."

An acquittal (or any other disposition) upon the primary offense does not preclude the later use of prior convictions for the purpose of enhancement under Article 63, V.A.P.C. Turner v. State, Tex.Cr.App., 471 S.W.2d 56; Mooring v. State, 158 Tex. Cr.R. 434, 256 S.W.2d 97; Sigler v. State, supra.

The judgment is affirmed.