**Ex parte Charles HILL.**

**No. 58183.**

Court of Criminal Appeals of Texas, Panel 2.

Oct. 11, 1978.

---

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

VOLLERS, Judge.

This is a petition for writ of habeas corpus brought pursuant to Article 11.07, V.A. C.C.P.

In 1972, petitioner was convicted on a plea of not guilty of the offense of burglary; two prior felony convictions were alleged and used to fix the punishment at life as an habitual offender under the provisions of Article 63, Vernon's Ann.P.C. (1925).

■ Petitioner now complains that the three felonies alleged by the State as enhancement paragraphs in the indictment were unavailable for such use because two of the three were used to enhance the third in a 1961 Oklahoma conviction. Finding from the record that petitioner is confined pursuant to that conviction of which he now complains, we conclude that this Court has jurisdiction of this cause. See Article 11.07, Section 2(b), V.A.C.C.P.

The record reflects that in 1951 petitioner was convicted in Cause No. 1762 of the offense of assault with a dangerous weapon in the District Court of Jackson County, Oklahoma and received a four year sentence. In 1957, petitioner was convicted of the offense of forgery in Cause No. 2056 in the District Court of Lea County, New Mexico and was assessed a five year sentence.

In 1961, petitioner was charged by information with having committed the offense of sodomy in Cause No. 2093 in the District Court of Jackson County, Oklahoma. Such charge was alleged in the information as being "a third and subsequent offense in the manner and form as follows:" The 1951 conviction (No. 1762) and the 1957 conviction (No. 2056) were then alleged and the information concluded with the allegations of the primary sodomy offense and the statement that such had occurred " . . . after having been twice before convicted of a felony." On conviction the jury assessed petitioner's punishment at ten years.

In 1971, petitioner was indicted for the offense of burglary in Cause No. 6906 in Wilbarger County, Texas. The indictment further alleged, for purposes of enhancement, the 1951 Oklahoma conviction (No. 1762), the 1957 New Mexico conviction (No. 2056) and the 1961 Oklahoma conviction (No. 2093). The jury returned a guilty verdict and petitioner's sentence was assessed at life imprisonment in the Texas Department of Corrections, from which no appeal was perfected.

■ Petitioner's contention before this Court is two-fold: first he contends that

since the 1961 Oklahoma conviction was itself enhanced with two priors, *it* was unavailable for subsequent enhancement use in 1972; secondly, petitioner asserts that since the 1951 and 1957 convictions were previously used to enhance the 1961 Oklahoma conviction, *they* were unavailable to the State of Texas for enhancement use in 1971.[1] We disagree.

█ This Court has consistently held that the fact that a defendant has suffered increased punishment on conviction of a second or subsequent offense [2] by reason of his being a prior offender will not prevent imposition of a life sentence when a third conviction fixes his status as an habitual criminal. *West v. State,* 511 S.W.2d 502 (Tex.Cr.App.1974); *Head v. State,* 419 S.W.2d 375 (Tex.Cr.App.1967); *Tuley v. State,* 151 Tex.Cr.R. 442, 208 S.W.2d 366 (1948); *Mayo v. State,* 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1947), *cert. denied,* 357 U.S. 935, 78 S.Ct. 1385, 2 L.Ed.2d 1550; *Ex Parte Calloway,* 151 Tex.Cr.R. 90, 205 S.W.2d 583 (1947).

█ It is clear, if only by virtue of the fact that the 1961 "enhanced" conviction was obtained in a sister state, that the priors of which petitioner now complains had never before been utilized to enhance a punishment under Article 63 of the Texas Penal Code. The prohibition against use of a prior conviction more than one time for the purpose of enhancing punishment applies only when such double use is attempted by the State under the *same* statutory provision. *Id.*; [See also *Ex Parte White,* 538 S.W.2d 417, 418 n.2 (Tex.Cr.App.1976.)]

The writ is denied.

---

1. The record reflects that petitioner's 1951 conviction was final before the time at which he was convicted in 1957. Likewise, the 1957 conviction was final when petitioner was charged with sodomy in 1961, and the 1961 conviction was final when Wilbarger County charged him with burglary in 1971.

2. The record before us contains a transcription of the Oklahoma trial court's instructions given to the jury in Cause No. 2093 at petitioner's sodomy trial in 1972. Salient portions follow and emphasis is supplied:

\* \* \* \* \* \*

(2)
The statute under which the defendant is being prosecuted is as follows:
"Every person who is guilty of the detestable and abominable crime against nature, committed with mankind or a beast, is punishably [sic] by imprisonment in the penitentiary *not exceeding ten years.*"

\* \* \* \* \* \*

(3)
The statute provides:
That any person who, having been convicted of *any* offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:
If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is *punishable by imprisonment* in the penitiary *for a term not less than ten years.*

(4)
Certain evidence has been introduced tending to show that the defendant has heretofore been convicted of *another* and *distinct* offenses [sic] from that charged in the Information . . .. [B]ut should you find from the evidence that such *other conviction* has been had, you may, *in your discretion,* consider the same, as such facts may or may not, in your judgment, *affect the weight and credit which you will give to the testimony of the defendant* . . . .

(5)
The defendant stands charged with *Sodamy* [sic], After Former conviction of *a Felony.* Should you find from the evidence and beyond a reasonable doubt, under these instructions, that the defendant has heretofore been convicted of *a felony,* as charged in the information, you may, in that event, consider such fact in so far as the same bears upon the charge made in the information *of a former or prior conviction,* which has to do only with punishment, . . . .