Melvin C. SHIVERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 59627.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 13, 1978.

C. David Stasny, Bryan, (on appeal), John M. Barron, Jr., Bryan, for appellant.

Roland M. Searcy, Jr., Dist. Atty. and Larry A. Catlin, Asst. Dist. Atty., Bryan, (on appeal), W. T. McDonald, Jr., Dist. Atty. and W. W. Torrey, Asst. Dist. Atty., Bryan, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of heroin; punishment, enhanced by proof of two prior convictions, was fixed at life by the terms of V.T.C.A., Penal Code Sec. 12.42(d).

Appellant's court-appointed counsel has filed a brief in which he concludes the appeal is wholly frivolous and without merit. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Appellant has filed a pro se brief raising several grounds of error.

We have reviewed the record and briefs and agree that the appeal is frivolous, and we affirm the judgment.

The concurring opinion has seized upon one of the grounds urged in the pro se brief as an opportunity to argue that a long line of statutory construction be overruled. The established judicial construction of the felony habitual offender statute is that no felony conviction may be twice used under its provisions to obtain a punishment enhanced to life. The adoption of a new penal code in 1973 did not evidence any intent on the part of the legislature that a different interpretation should thereafter govern. See *Carvajal v. State*, 529 S.W.2d 517 (Tex.Cr. App.) and the Practice Commentary to Sec. 12.42(d), supra. The legislature's failure to indicate a change in intent is of significance because we are here addressing a matter of statutory construction, not of judicially created rules of decision, as in evidentiary matters.

The facts upon which the issue would turn in this case show that the doctrine against multiple use of prior convictions for securing punishment as a habitual offender was not violated. Appellant argues his prior conviction in Cause No. 9614 in the 85th Judicial District Court of Brazos County, used for enhancement in this case, had previously been used to secure a life sentence in 1969 in Cause No. 9985 in the 85th Judicial District Court of Brazos County. The history of that 1969 conviction, however, shows that the life sentence was set aside in a collateral attack in *Ex parte Shivers*, 501 S.W.2d 898 (Tex.Cr.App.). Hence, the prior conviction used here had not previously been used successfully to secure a life sentence. *Johnson v. State*, 158 Tex.Cr.R. 154, 253 S.W.2d 1006. Thus, the proposal to abandon the long-standing rule upon which appellant attempts to rely is not even necessary for the affirmance of this case, since appellant is not within the terms of that rule. The position would be mere dictum.

We do, however, take this opportunity to bring to the attention of the legislature the numerous complexities existing in this area of the law, and the ease with which the legislature could simplify those matters and the litigation involving them. For a comprehensive discussion of this unnecessarily complex area of the law we cite the concurring opinion in this case as recommended reading.

The judgment is affirmed.

DALLY, Judge, concurring.

After a review of the record, counsel's brief, and the pro se brief I believe one contention merits discussion. That contention is that appellant's prior conviction in Cause No. 9614 for the offense of burglary in the 85th Judicial District Court of Brazos County had previously been used to enhance his punishment in another cause.

Appellant was indicted in 1969 in Cause No. 9985 in the 85th Judicial District Court of Brazos County for the primary offense of burglary with intent to commit theft under the former Penal Code. The indictment also alleged two prior non-capital felony convictions for purposes of enhancement of punishment under Article 63, Vernon's Ann. P.C. (1925). These were a 1965 burglary conviction in Cause No. 9614 in the District Court of Brazos County and a conviction for burglary in Cause No. 9454 in the District Court of Brazos County. Appellant was convicted of the primary offense, and his punishment was assessed at life imprisonment pursuant to Article 63, supra. Appellant appealed this conviction to this Court; however, the conviction and life sentence were affirmed. *Shivers v. State*, 460 S.W.2d 915 (Tex.Cr.App.1970).

Subsequently, appellant filed a post-conviction habeas corpus proceeding under the provisions of Article 11.07, Vernon's Ann.C. C.P. There he contended that at the time his probation was revoked in Cause No. 9454 in the 85th Judicial District Court, which was one of the two prior burglary convictions alleged for enhancement, he was indigent, did not have counsel, and did not waive counsel. Following an evidentiary hearing in the convicting court, the trial judge entered findings of fact and conclusions of law that appellant's allegations were correct and that he was entitled to the relief sought. This Court found that the evidence supported the trial court's finding and ordered appellant released from the Department of Corrections and remanded to the custody of the sheriff of Brazos County to answer the indictment in Cause No. 9985. *Ex parte Shivers*, 501 S.W.2d 898 (Tex.Cr.App.1973).

On motion for rehearing, the State contended that if appellant was entitled to any relief it was that appellant's sentence should be reformed to confinement in the Department of Corrections for a term of 12 years, the maximum sentence under Article 62, Vernon's Ann.P.C. (1925), for the offense of burglary with intent to commit theft. This Court agreed, concluding:

"The State's motion for rehearing is granted to the extent that the order remanding petitioner to the sheriff of Brazos County to answer the indictment in Cause No. 9985 is set aside, and it is ordered that petitioner's confinement un-

der this conviction cannot exceed 12 years in accordance with Article 62, V.A.P.C." *Ex parte Shivers,* supra, at 902.

Appellant was indicted in the instant cause for the primary offense of knowingly and intentionally possessing heroin. Two prior felony convictions were alleged for the purpose of enhancement of punishment under V.T.C.A., Penal Code, Sec. 12.42(d). The first prior conviction alleged was appellant's 1969 conviction for burglary of a building in Cause No. 9985 in Brazos County, which was the primary offense alleged in appellant's conviction which was affirmed in *Shivers v. State,* supra. The other conviction which was alleged was appellant's 1965 conviction for burglary in Cause No. 9614 in Brazos County. This conviction had previously been used to enhance punishment in Cause No. 9985.

The seminal case on the subject is *Kinney v. State,* 45 Tex.Cr.R. 500, 79 S.W. 570 (1904). There it was stated:

". . . Evidently it never was intended that prior offenses could thus be made to do double duty; that is, that prior cases could be used to enhance the punishment in any given case more than once. To give the statute such an effect would be violative of the principle of former jeopardy, which inhibits a defendant from being convicted more than once for the same offense. The only difference is that here the same offense was used more than once in order to enhance his punishment. The statute allows these offenses to enter into a subsequent offense for the enhancement of the punishment in as many as four cases. There is no statutory authority that prior offenses can be used more than in the four cases on the contingencies mentioned. So it would follow that the judgment in this case cannot be sustained, because the same cases on which the enhanced punishment is predicated here had previously been exhausted."

From the discussion to follow it will be seen that *Kinney* was based on a false premise; that is, that the multiple use of a prior conviction for enhancement purposes "would be violative of the principle of former jeopardy."

Since at least 1895 the Supreme Court of the United States has held that recidivist statutes do not twice put a defendant in jeopardy for the same offense. *Moore v. Missouri,* 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895); *McDonald v. Massachusetts,* 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901); *Graham v. West Virginia,* 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912); *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Likewise, this Court has held that our recidivist statutes do not place a defendant in jeopardy a second time for the conviction so used. See e. g., *Mullins v. State,* 409 S.W.2d 869 (Tex.Cr.App.1966); *Cherry v. State,* 447 S.W.2d 154 (Tex.Cr. App.1969); *Franks v. State,* 462 S.W.2d 287 (Tex.Cr.App.1971); *Schultz v. State,* 510 S.W.2d 940 (Tex.Cr.App.1974).

The ruling in *Kinney* was criticized by Judge Beauchamp on motion for rehearing in *Brown v. State,* 150 Tex.Cr.R. 386, 196 S.W.2d 819 (1946). *Kinney,* however, was not overruled because the conclusion reached there had been consistently followed for the 42 years intervening. Judge Beauchamp stated:

". . . In as much as the articles on the subject have been re-enacted by the legislature with a knowledge of the judicial construction given same, we would not at this time, under the general rule of construction, be justified in overruling the *Kinney* case and those which have followed it. The fact that we still adhere to the conclusion does not mean that we endorse the reasoning given."

Likewise, our decision in *Carvajal v. State,* 529 S.W.2d 517 (Tex.Cr.App.1975), followed the *Kinney* rule for the reason stated in the above-quoted language from *Brown,* despite the State's contention that Sec. 12.42(d), supra, "should be construed differently from old Art. 63." *Carvajal v. State,* supra, at 521. The Court quoted from the Practice Commentary as follows:

"Subsection (d) preserves prior Article 63 . . . And presumably, in the context of this and the following section, the old

rules regulating use of prior convictions for enhancement will also apply. See e. g., *Mayo v. State,* 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1957); *Kinney v. State,* 45 Tex.Cr.R. 496, 79 S.W. 570 (1904)."

The Court then stated:

"The State contends that the failure of the Legislature to prohibit the repeated use of the same prior convictions to enhance punishment manifests an intent that *Kinney* and its progeny be abandoned. It strikes us that the omission of any significant additional or different language in Sec. 12.42(d) cuts quite the other way. The Legislature was aware of the venerable *Kinney* rule, now seventy years old. The Legislature's silence on the question of multiple use for enhancement purposes of prior convictions must evidence a lack of dissatisfaction with the established judicial construction of the statutes. A comparison of V.T.C.A. Penal Code, Sec. 1.05(a), and the old Art. 7 does not dissuade us from the soundness of this conclusion."

It thus appears that *Kinney* has been continuously followed by the decisions of this Court because of the principle of stare decisis. However, we have held that stare decisis should be controlling only if it makes sense or follows logical reasoning. *Middleton v. State,* 476 S.W.2d 14 (Tex.Cr.App. 1972). Moreover, the legislative silence toward the rules stated in *Kinney* should not be interpreted as legislative acceptance of that decision. In *Helvering v. Hallock,* 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604 (1940), it is stated that "It would require very persuasive circumstances enveloping Congressional silence to debar this Court from reexamining its own doctrines." In *Girouard v. United States,* 328 U.S. 61, 66 S.Ct. 826, 90 L.Ed. 1084 (1946), it was stated that "It is at best treacherous to find in Congressional silence alone the adoption of a controlling rule of law. We do not think under the circumstances of this legislative history that we can properly place on the shoulders of Congress the burden of the Court's own error." See also *Boys Markets, Inc. v. Retail Clerk's Union, Local 770,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). There-

fore, in the absence of any persuasive circumstances evidencing a clear design that legislative inaction be taken as acceptance of *Kinney,* the mere silence of the Legislature is not a sufficient reason for refusing to reconsider that decision. *Boys Markets, Inc. v. Retail Clerk's Union, Local 770,* supra.

It appears that the *Kinney* rule was first followed some 36 years after it was stated in the cases of *Miller v. State,* 139 Tex.Cr.R. 406, 140 S.W.2d 859 (1940), and *Cothren v. State,* 139 Tex.Cr.R. 339, 140 S.W.2d 860 (1940). The judgment in *Miller* was reversed with *Kinney* the only authority cited. *Cothren* was reversed without the citation of any authority. The opinion merely states:

"The same conviction cannot be twice used for the purpose of enhancing a penalty. This has been so frequently held by this court and in recent cases that we do not consider it necessary to here discuss the matter or cite authorities."

In *Gooden v. State,* 140 Tex.Cr.R. 347, 145 S.W.2d 179 (1940), the defendant's punishment had been affixed at life imprisonment pursuant to Art. 63, Vernon's Ann.P.C. (1925). In reversing that case the court stated:

"It is shown that at a time prior to this trial this defendant had been tried for a similar offense, and that for the purpose of an enhancement of the punishment, the previous convictions used in the present case had been used for the purpose of enhancing the penalty in the former case. 140 Tex.Cr.R. 347, 145 S.W.2d 177. The same conviction cannot be twice used for enhancement purposes. In *Kinney v. State,* 45 Tex.Cr.R. 500, 78 S.W. 225, 79 S.W. 570, 571, this court said: 'Evidently it was never intended that prior offenses could thus be made to do double duty; that is, that prior cases could be used to enhance the punishment in any given case more than once.' See also *Miller v. State,* 139 Tex.Cr.R. 406, 140 S.W.2d 859 and *Cothren v. State,* 139 Tex.Cr.R. 339, 140 S.W.2d 860."

*Gooden* was followed by the case of *Sigler v. State*, 143 Tex.Cr.R. 220, 157 S.W.2d 903 (1941). There the defendant had a 1934 felony conviction and a 1938 felony conviction out of Kaufman County. Thereafter, he was tried on a charge of theft in Bexar County, the indictment in that case charging the two prior Kaufman County convictions for enhancement of punishment. The jury found the defendant guilty of the primary offense and assessed punishment at 10 years in prison, ignoring the enhancement of punishment, as submitted in the court's charge. He was thereafter tried for theft in Gregg County with the same two Kaufman County convictions used to affix the defendant's punishment at life imprisonment. The defendant urged on appeal that when the Bexar County jury ignored the enhancement allegations that that was tantamount to being an acquittal and, therefore, constituted former jeopardy, and he further urged that he could not again be tried under the habitual criminal act, based upon the two previous convictions in Kaufman County. This Court, however, affirmed the Gregg County judgment which assessed the defendant's punishment at life imprisonment. It was in this case that it appears that the Court first began to distinguish between the successful and unsuccessful use of prior convictions for enhancement purposes. We quote extensively from that opinion as follows:

> "We have heretofore held that such prior offenses can be successfully used but once because of the fact, among other reasons, that the statute permitting such use is of a reformative nature. What that means the writer confesses his inability to know, especially where the additional offenses are more than one, and the necessary punishment a lifetime imprisonment, but be that as it may, we have been furnished with exhaustive briefs and argument by both sides to this question, and find ourselves with no well-defined authority in this State on this matter. We do think that such enhancement allegations are no part of the substantive offense, but are merely a guide for the court or the jury in affixing the final punishment in the event of a present conviction. It is no part of the charged theft, and no proof of another and different offense is needed nor permitted; it is but an historical fact to show the persistence of the accused, and the futility of ordinary measures of punishment as related to him. The accused is not again placed in jeopardy nor punished for the prior offenses, nor is there created new offenses, but such are merely offered for the purpose of arriving at the punishment to be assessed in the present case.

> "24 Corpus Juris Secundum, Criminal Law, § 1958, p. 1143, says: 'However, statutes authorizing a more severe penalty to be inflicted on one who is a persistent offender do not create an offense, nor inflict additional punishment for the prior offense, nor do they authorize a conviction on a charge of being an habitual criminal; they merely prescribe punishment for the subsequent offense which is to be more severe, because the offender's persistence in the perpetration of crime evinces a depravity which merits greater punishment.'

> "Suppose no proof was offered of the offense of theft over the value of $50 as charged in this indictment, but proof was offered relative to the fact of the prior convictions, and appellant's identity and connection therewith established, could it be contended that such proffered prior convictions alone had established guilt for the herein charged theft? We think not; and we also therefore think that such prior offenses are not a part of the substantive offense of theft, but merely enter into the problem of fixing the punishment, provided guilt is satisfactorily shown to the jury in the present charge of theft. The only special pleas, such as former jeopardy, which can be heard for the defendant are:

> > '1. That he has been convicted legally, in a court of competent jurisdiction, upon the same accusation, after having been tried upon the merits for the same offense.

'2. That he has been before acquitted by a jury of the accusation against him, in a court of competent jurisdiction, whether the acquittal was regular or irregular.' Art. 508, C.C.P.

"The only matters that we here find present that were present in any other case against this appellant was the presentation of the former convictions in the Bexar County case, which allegations were not used by the jury in affixing the penalty in that case, and which case was improperly tried, so this court said, and therefore in such case appellant has not been legally tried. Of course it is not contended that the facts upon which the Bexar County case was based are the same as the herein charged theft, and we think that for that reason also jeopardy in this offense should not attach. It is said in 12 Tex.Jur. p. 554:

'Before an accused can interpose the defense of former jeopardy the former trial must have been upon the same identical criminal act for which the state is again seeking to prosecute him. This is also the rule as to the defense of former conviction, and former acquittal. The crime must be the same in both cases though the pleadings differ in immaterial circumstances. The same offense means the identical criminal act or omission; not the same offense eo nomine, or one of the same nature.'

"We do not find any Texas cases that bear directly in point on this question. We do have our attention called to a case by the Supreme Court of Kansas, *State v. Schmidt*, 92 Kan. 457, 140 P. 843, 844, in which the accused was tried as a persistent offender in 1912, and a prior conviction in 1905 was attempted to be utilized in order to enhance the punishment. At such time Schmidt was acquitted and of course no enhanced punishment was inflicted. Again in 1913 Schmidt was presented for trial, and again, among others, the offense of 1905 was alleged in order to show his persistency and to enhance his punishment. In such latter case he pleaded that it was improper to include therein the offense of 1905, he having been once placed in jeopardy therefor, and had been awarded an acquittal thereon,—same having been once unsuccessfully used in an effort to enhance his punishment. That court held: 'The conviction in 1905 is the only element the two informations have in common. They relate to separate crimes. The issues are not identical. Neither offense includes the other offense. In each information an act which constitutes an indispensable element of the crime is necessary to conviction which is different from any act necessary to conviction under the other. All the evidence necessary to prove the first charge would not establish the second, and all the evidence necessary to prove the second charge would not establish the other. * * * The doctrine of res judicata does not apply in criminal cases to particular facts in issue, as, for example, to the conviction in 1905, as it frequently does in civil cases. * * In criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses, and it is not decisive that the two offenses may have some material fact in common. [Quoting Lord Denman in *Regina v. Button*, 11 Ad. & Ellis, New Series, 946.] * * * '

"Again the Supreme Court of Kansas said in the case of *State v. Cassady*, 121 Kan. 331, 246 P. 508, in the syllabus by the court: 'The rule is followed that an acquittal on a charge of the sale of liquor as a second offense does not prevent the use of the same prior conviction as a basis (in conjunction with a different alleged second offense) for a later prosecution as a persistent violator.'

"In the case of *Long v. State*, 36 Tex. 6, page 13, it being one of early impression in this State, there is quoted the following: 'Lord Campbell, C. J., in an English case observed: "A statement of a previous conviction does not charge an offense. It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous

offense; they only find that he was previously convicted of it, as a historical fact." (*Regina v. Clark, Dears*, 198 and 201.)' and we might add: to be used in affixing the punishment.

"We think that the allegations relative to previous convictions were not any element of the substantive offense charged, either in the Bexar County case, or in the present case, but merely an effort upon the pleader to have determined a more than ordinary provided penalty for an infraction of the statute in Bexar County, and upon the failure of the jury in Bexar County to favorably respond to such effort, such an endeavor was not successfully used as attempted.

"In line with the above reasoning, we hold that the State had a right to attempt to use such prior convictions in the present case, and that no jeopardy arose herein because of the unsuccessful attempt to use such prior convictions in the Bexar County trial. We express no opinion at this time relative to the proposition that had such former convictions been successfully used in the trial in Bexar County, and through the vagaries of chance appellant had become enlarged from his confinement and again placed upon trial with such prior convictions again alleged, but are merely passing upon such an unsuccessful use thereof."

It is interesting to note that *Kinney* is not cited in *Sigler*.

*Brown v. State*, supra, was decided in 1946. As stated above, Judge Beauchamp severely criticized the *Kinney* rule as being "illogical and confusing." It is for this reason that *Kinney* should no longer be followed; "[s]tare decisis should be controlling only if it makes sense or follows logical reasoning." *Middleton v. State*, supra. Because Judge Beauchamp's criticism shows the incorrectness and fallacy of the *Kinney* rule, we quote from it at length below:

"In the opinion of the writer such holding has always been illogical and confusing. Habitual criminality is the state of the individual and not a crime. 24 C.J.S., Criminal Law, § 1958, p. 1143. To allege and prove a state of the individual by whatever means the fact may be ascertained, whether because of repeated convictions or otherwise, does not allege and prove a crime. The allegations of former convictions are no part of the allegation of the substantive offense, but are to serve merely as a guide to the court in fixing the punishment in case of a present conviction. *Sigler v. State*, 143 Tex.Cr.R. 220, 157 S.W.2d 903. Hence, the question of jeopardy has no place in the consideration whatsoever. Any discussion of the question of jeopardy invariably leads to confusion, as it has definitely done in the instant case and the line of decisions considered.

"Beginning with *Kinney v. State*, 45 Tex. Cr.R. 500, 79 S.W. 570, 571, the opinions on the subject have consistently held that former convictions cannot be utilized more than once to enhance a penalty. Judge Henderson stated, in the *Kinney* case: 'Evidently it was never intended that prior offenses could thus be made to do double duty; that is, that prior cases could be used to enhance the punishment in any given case more than once. To give the statute such an effect would be violative of the principle of former jeopardy, which inhibits a defendant from being convicted more than once for the same offense.'

"He further stated that such use is not permitted by the statute. We find nothing in the statute which would justify this statement. However, it appears that his conclusion has been consistently followed for the forty-two years intervening. In as much as the articles on the subject have been re-enacted by the legislature with a knowledge of the judicial construction given same, we would not at this time, under the general rule of construction, be justified in overruling the *Kinney* case and those which have followed it. The fact that we still adhere to the conclusion does not mean that we endorse the reasoning given. If the principle of former jeopardy should be violated by a second use of a former conviction to enhance a penalty, then the use of the

former conviction in the first instance would be violative of the same principle and the enactment would be contrary to the Constitution of the United States and of our own State.

"The lack of logic in the rule which we now recognize is exposed by the results which necessarily follow. The appellant may pay the penalty based on the ground that he has been previously convicted twice for a similar offense. Tomorrow he commits the same character of offense and is again brought before the court. All prior convictions having been once used, he can no longer be adjudged an habitual criminal, but stands before the court as a first offender. The payment of the penalty cannot change the state of the man. If he is an habitual criminal today and continues his habits by a similar violation tomorrow, after having suffered the consequences of the enhanced penalty, he is all the more an habitual criminal. It is only the construction of the statute that relieves him from being thus adjudged. If he should continue day after day to violate the law, every third day he would be an habitual criminal and, if so convicted, on the fourth he would not be such. Or, if the state should use every 'first' conviction to double the penalty in the next one, he could commit the same character of offense day after day, pay the double fine when assessed, and never become an habitual criminal.

"If the principle of double jeopardy applies we must sustain appellant and grant his motion. A complete answer to the argument in his motion is found in the conclusion that the principle of jeopardy does not apply. He is not convicted of a former conviction. Such former convictions are proven for the purpose of determining the state of the accused as he stands before the bar of justice and such former convictions fix upon him, as a penalty in the case at bar, a punishment as prescribed by the statute.

"A further test convincing the writer of the correctness of this conclusion is found in the fact that former offenses need not be within the jurisdiction of the court trying him. In fact, the conviction may have been in another state, government, or country, provided such offense would have been subject to the same classification under the laws of the State of Texas. 24 C.J.S., Criminal Law, § 1960–d, p. 1151. Again, the former conviction might have been far beyond the period of limitation so that he could not be again tried for it. It has also been held, with practical unanimity, that a conviction for which a full pardon has been subsequently granted may, nevertheless, be utilized to enhance a penalty.

"Under the state of the decisions of this court, as fully treated in the original opinion to which we adhere, the judgment of affirmance must be sustained and the motion for rehearing is overruled."

Although *Kinney* had been dealt a restrictive blow by the decision in *Sigler*, it was yet to receive further limitation in the case of *Ex parte Calloway*, 151 Tex.Cr.R. 90, 205 S.W.2d 583 (1947). There Judge Beauchamp fully discussed the holdings in *Kinney, Miller, Cothren, Gooden*, and *Brown*. Nevertheless, the Court concluded that the use of a prior conviction to enhance punishment as a second offender under Art. 62, Vernon's Ann.P.C. (1925), did not preclude the State from again using that same conviction to fix a defendant's status as an habitual criminal under Art. 63, Vernon's Ann.P.C. (1925).

The case of *Evans v. State*, 160 Tex.Cr.R. 517, 272 S.W.2d 732 (1954), did not follow *Calloway*. However, in *Mayo v. State*, 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1957), *Evans* was expressly overruled. *Mayo* established *Calloway* as the correct rule. The Court quoted from *Calloway* as follows:

"So then, to prosecute one as an habitual criminal the State would of necessity be called upon to forego or waive its right to proceed against an accused as a second offender when that right presented itself and before the accused had committed and been convicted of a third or subsequent offense. In other words, so long as the State exercised the right to prosecute

as a second offender it could never prosecute one as an habitual offender. Thus is demonstrated the fallacy in relator's contention."

The opinion in *Mayo* went on to criticize *Kinney* by quoting from Judge Beauchamp's remarks in *Brown*. See also *Head v. State*, 419 S.W.2d 375 (Tex.Cr.App.1967), and *Cleveland v. State*, 493 S.W.2d 145 (Tex.Cr.App.1973), in which *Calloway* and *Mayo* were followed.

In *Hill v. State*, 158 Tex.Cr.R. 313, 256 S.W.2d 93 (1953), the defendant was convicted of the offense of driving while intoxicated as a subsequent offender. It was there contended that the defendant's 1947 misdemeanor conviction for driving while intoxicated could not be used in his 1952 trial, because it had been successfully used in a 1949 felony conviction for driving while intoxicated. The defendant contended that the rule in *Kinney* would prevent the re-use of the 1947 misdemeanor, since it had successfully been used in the 1949 felony conviction. In rejecting that contention this Court stated:

"This Court has not held the rule in the *Kinney* case applies to Article 802b, Vernon's Ann.P.C., and we do not now feel inclined to so hold. To the contrary, we have held in *Broughton v. State*, 148 Tex. Cr.R. 445, 188 S.W.2d 393, and *Clifton v. State*, 156 Tex.Cr.R. 655, 246 S.W.2d 201, that said article is not an enhancement of punishment statute but creates a new and independent crime of the grade of felony, an essential element of which is that the person charged has previously been convicted of a misdemeanor offense of driving while intoxicated. The additional allegation of the prior misdemeanor conviction thus vests the District Court with jurisdiction. It is only in cases arising under Articles 61–64, Vernon's Ann. P.C., that the rule in the *Kinney* case, and those which follow it, apply. We hold that the prior use of the misdemeanor conviction does not prevent its subsequent re-use for the same purpose and that such subsequent re-use does not violate the constitutional prohibition against placing an accused twice in jeopardy.

This Court, as now constituted, is not inclined to extend the rule in the *Kinney* case, supra."

Another exception to the *Kinney* rule is found in *Johnson v. State*, 158 Tex.Cr.R. 154, 253 S.W.2d 1006 (1953). There the defendant was indicted for the primary offense of burglary, which was alleged to have been committed on February 3, 1950. Three prior felony convictions were alleged for enhancement purposes. Johnson was convicted and appealed; but, the case was reversed because of the failure of the State to corroborate the testimony of an accomplice. Subsequently, the grand jury returned another habitual criminal indictment against the defendant. The primary offense there was a burglary alleged to have occurred on June 14, 1951. Two of the prior offenses alleged were the same as those alleged in the previous case. Johnson was again convicted and appealed. He contended that the prior convictions could not be used to enhance his punishment, because they had previously been used in the prior case. This Court rejected that contention and created yet another exception to the *Kinney* rule, stating:

"In the instant case, the State had not successfully used the prior convictions at the time of the trial on the instant indictment, because this Court had, prior to such time, reversed the previous habitual criminal conviction; and the original indictment remained pending on the docket of the trial court. Such a situation did not constitute a successful use of the prior conviction so as to prevent their being used in the instant case."

In *Mooring v. State*, 158 Tex.Cr.R. 434, 256 S.W.2d 97 (1953), the defendant was convicted for sale of whiskey in a dry area, with prior offenses alleged to enhance the punishment. On appeal he contended that the prior convictions could not be used, because the same prior offenses were alleged and proven to enhance punishment in another case against the defendant, even though the prior case had resulted in an acquittal. The Court stated:

"We hold that, where the prior convictions were alleged and proven to enhance the punishment in a case which results in an acquittal, this does not constitute a successful use of the prior conviction so as to prevent their being used in a subsequent case for the same purpose.

"If the *Kinney* case be construed as holding in conflict with the decision here reached, it is expressly overruled to that extent.

"We hold the doctrine of jeopardy does not apply to the case at bar."

See also *Florez v. State*, 479 S.W.2d 683 (Tex.Cr.App.1972).

Thus, down through *Mooring*, this Court had overwhelmingly rejected the basis of the *Kinney* rule that the doctrine of jeopardy barred the re-use of a prior conviction for enhancement purposes. *Mooring* even went further; it suggested that *Kinney* be overruled to the extent of conflict.

Although *Kinney* has been criticized, discredited, found illogical, led to confusion, and given rise to conflicting cases, it has nevertheless been followed. See e. g., *Carvajal v. State*, supra; *Shaw v. State*, 530 S.W.2d 838 (Tex.Cr.App.1975); *Waythe v. State*, 533 S.W.2d 802 (Tex.Cr.App.1976); *Ex parte White*, 538 S.W.2d 417 (Tex.Cr. App.1976); *Rollins v. State*, 542 S.W.2d 163 (Tex.Cr.App.1976); *Ex parte Friday*, 545 S.W.2d 182 (Tex.Cr.App.1977). Moreover, until recent years it has been the continuing policy of this Court to create exceptions to the *Kinney* rule. See, for example, *Ex parte Montgomery*, 571 S.W.2d 182 (Tex.Cr. App.1978), and cases there cited.

That the *Kinney* rule makes no sense is further demonstrated by the following examples. Let us suppose that a defendant is finally convicted of felony A in 1970. In 1974 he commits felonies B and C. Felony A can be used to enhance felony B, but the *Kinney* rule would prohibit using felony A to also enhance felony C. However, let us suppose that in 1970 a defendant is finally convicted of felonies A and B. In 1974 he commits felonies C and D. Felony A can be used to enhance felony C, and felony B can be used to enhance felony D. Likewise,

felony A can be used to enhance felony D, and felony B can be used to enhance felony C. However, felony A cannot be used to enhance felonies C and D, nor can felony B be used to enhance felonies C and D.

In the habitual criminal situation, if a defendant is finally convicted of felony A in 1970 and felony B in 1974 and the defendant commits felonies C and D in 1978, felonies A and B can be used to make the defendant an habitual criminal under felony C; but they cannot also be used to make him an habitual criminal under felony D. However, if the defendant is finally convicted of felonies A and B in 1970 and finally convicted of felonies C and D in 1974 and then commits felonies E and F in 1978, felonies A and C can be used to make the defendant an habitual criminal for felony E and felonies B and D can be used to make the defendant an habitual criminal under felony F. Likewise, felonies B and C can be used to make the defendant an habitual criminal under felony E and felonies A and D can be used to make the defendant an habitual criminal under felony F. However, felony A cannot do double duty with felonies C and D under both felonies E and F. Likewise, felony B cannot do double duty with felonies C and D under both felonies E and F. Felony C cannot do double duty with felonies A and B under both felonies E and F. Felony D cannot do double duty with felonies A and B under both felonies E and F.

Once a defendant's status is fixed as a second offender, that status should stand unless the defendant later becomes an habitual offender. Likewise, once a defendant's status is fixed as an habitual offender, that status should remain. That the *Kinney* rule makes no sense is amply demonstrated by the cases cited and the examples given above. Therefore, we have decided that the doctrine of stare decisis no longer requires us to follow *Kinney*, because it neither makes sense nor follows logical reasoning. *Middleton v. State*, supra.

Insofar as the *Kinney* rule has been applied to Art. 62, Vernon's Ann.P.C. (1925), because there "is no statutory authority

that prior offenses can be used more than" one time, a reading of the statute itself belies that interpretation. That article provides:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or *one* of the same nature, the punishment on such second *or other subsequent conviction* shall be the highest which is affixed to the commission of such offenses in ordinary cases." (Emphasis supplied)

Thus, it may be seen that under Art. 62, supra, one prior felony conviction may not only be used to enhance a second conviction, but any other subsequent conviction. Moreover, the penalty for such second or other subsequent conviction is mandatorily set by the statute at "the highest which is affixed to the commission of such offenses in ordinary cases."

Art. 63, Vernon's Ann.P.C. (1925), has no similar express statutory authorization for multiple use of prior convictions as did Art. 62, supra. It merely provided:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

In construing Art. 63, supra, this Court held that the first prior conviction must become final prior to the commission of the second offense and the conviction for the second offense must become final prior to the commission of the third offense. It is interesting to note that, in enacting the new penal code, the Legislature specifically adopted this interpretation when it enacted the new habitual criminal statute. That statute, V.T.C.A., Penal Code, Sec. 12.42(d), provides:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

Thus, the Legislature has specifically adopted this Court's previous construction of Art. 63, supra, in enacting Sec. 12.42(d), supra. This should be contrasted with the rule of construction that, by their silence, the Legislature has adopted the judicial constructions of the recidivist statute.

A reading of V.T.C.A., Penal Code, Sec. 12.42, shows that the Legislature did not expressly prohibit the multiple use of prior convictions for purpose of enhancement of punishment. To the contrary, the wording of this statute strongly implies that multiple use is encouraged. Let us look, for example, at subsection (a) of Sec. 12.42, supra. That statute provides:

"If it be shown on the trial of a third-degree felony that the defendant has been *once* before convicted of *any* felony, on conviction he *shall* be punished for a second-degree felony." [Emphasis supplied].

Thus, in order to invoke the mandatory second-degree felony punishment under the statute, it only need be shown that, on the trial of a third-degree felony, the defendant has been *once* before convicted of *any* felony. The statute is mandatory, and the fact that the first felony conviction has previously been used to enhance punishment is no bar to its subsequent use.

On September 27, 1978, a panel of this Court, with one judge dissenting, held that once a prior conviction has been successfully used to enhance punishment under Sec. 12.-42(d) it could not again be used to enhance punishment under Sec. 12.42(a). *Ex parte Montgomery,* supra. It is interesting to note that one week before, on September 20, 1978, another panel of this Court set aside Montgomery's life sentence under Sec. 12.42(d) and remanded the cause to the trial court for assessment of punishment under Sec. 12.42(a). *Montgomery v. State,* 571 S.W.2d 18 (Tex.Cr.App.1978). These two cases amply demonstrate that *Kinney* has sired conflicting cases; for, at the time *Ex parte Montgomery,* supra, was decided, Montgomery's punishment had not been successfully enhanced under Sec. 12.42(d),

as Montgomery's life sentence had been set aside one week before in *Montgomery v. State*, supra.

On October 11, 1978, still another panel of this Court decided *Ex parte Hill*, 571 S.W.2d 900 (Tex.Cr.App.1978). There the petitioner had been given a life sentence under Art. 63, supra. Petitioner contended that the three felonies alleged against him in the enhancement paragraphs of the indictment were unavailable for such use because two of the three were used to enhance the third in a 1961 Oklahoma conviction. The record reflected that in 1951 petitioner had been convicted in Cause No. 1762 of the offense of assault with a dangerous weapon in the District Court of Jackson County, Oklahoma and received a four-year sentence. In 1957 petitioner had been convicted of the offense of forgery in Cause No. 2056 in the District Court of Lea County, New Mexico and was assessed a five-year sentence. In 1961 he was charged by information with having committed the offense of sodomy in Cause No. 2093 in the District Court of Jackson County, Oklahoma. Such charge was alleged in the information as being "a third and subsequent offense. . . ." The 1951 conviction in Cause No. 1762 and the 1957 conviction in Cause No. 2056 were then alleged and the information concluded with the allegations of the primary sodomy offense and the statement that such had occurred ". . . after having been twice before convicted of a felony." On conviction the jury assessed punishment at 10 years.

In 1971 petitioner was indicted for the offense of burglary in Cause No. 6906 in Wilbarger County. The indictment further alleged, for purposes of enhancement, the 1951 Oklahoma conviction in Cause No. 1762, the 1957 New Mexico conviction in Cause No. 2056, and the 1961 Oklahoma conviction in Cause No. 2093. The jury returned a guilty verdict and petitioner was sentenced to life imprisonment in the Department of Corrections.

In this Court petitioner contended that since the 1951 and 1957 convictions had been previously used to enhance the 1961

Oklahoma conviction, they were unavailable to the State of Texas for enhancement use in the 1971 Wilbarger County conviction. The contention was overruled, with the opinion stating:

"This Court has consistently held that the fact that a defendant has suffered increased punishment on conviction of a second or subsequent offense [footnote omitted] by reason of his being a prior offender will not prevent imposition of a life sentence when a third conviction fixes his status as an habitual offender. *West v. State*, 511 S.W.2d 502 (Tex.Cr. App.1974); *Head v. State*, 419 S.W.2d 375 (Tex.Cr.App.1967); *Tuley v. State*, 151 Tex.Cr.R. 442, 208 S.W.2d 366 (1948); *Mayo v. State*, 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1947), *cert. denied*, 357 U.S. 935, 78 S.Ct. 1385, 2 L.Ed.2d 1550; *Ex parte Calloway*, 151 Tex.Cr.R. 90, 205 S.W.2d 583 (1947).

"It is clear, if only by virtue of the fact that the 1961 'enhanced' conviction was obtained in a sister state, that the priors of which petitioner now complains had never before been utilized to enhance a punishment under Article 63 of the Texas Penal Code. The prohibition against use of a prior conviction more than one time for the purpose of enhancing punishment applies only when such double use is attempted by the State under the *same* statutory provision. *Id.*; [See also *Ex parte White*, 538 S.W.2d 417, 418 n.2 (Tex.Cr.App.1976.)]"

The principle of former jeopardy does not prohibit the multiple use of prior convictions for the purposes of enhancing punishment under our recidivist statutes. *Kinney* and its progeny should be expressly overruled.